UNITED PARCEL SERVICE OF AMERICA, ET AL.

V.

RANDALL F. FETTERMAN

Record No. 841704

November 27, 1985

Present: All the Justices

*Susan A. Evans (Siciliano, Ellis, Sheridan, Dyer & Boccarosse,* on brief), for appellants.
*Julia H. Butler (Ashcraft & Gerel,* on brief), for appellee.

PER CURIAM.

The question presented in this workers' compensation case is whether the claimant, a parcel delivery service employee, sustained an accidental injury arising out of the employment when he strained his back while bending over to tie his shoe.

Randall F. Fetterman sustained a lumbosacral strain on March 19, 1984, during the course of his employment as a driver for United Parcel Service of America. The claimant's duties included loading, unloading, and delivering packages weighing an average of 35 pounds.

On the day in question, the claimant was unloading packages from his truck. He was reaching across the rear of the truck and pulling parcels to place them on a hand cart when he noticed that his right shoe was untied. He raised his foot to the back of the truck, bent over to tie the shoe, and felt acute pain in his lower back.

At the hearing level, a deputy commissioner denied the claim for compensation. She decided that the injury did not meet the requirement of arising out of the employment because it could not fairly be traced to the employment as a contributing proximate cause and it did not follow as a natural incident of the work. The hearing commissioner concluded that the claimant's conduct in bending over to tie his shoe was not a risk of the employment but, rather, was merely coincidental with the employment.

Upon review, the full Commission unanimously decided the claim was compensable. The Commission disagreed with the deputy's reasoning and opined that "the work environment certainly had something to do with the manner in which the employee went about tying his shoe and this was no doubt necessary for him to continue his work." On appeal, the employer and its insurance carrier contend the Commission erred. We agree.

An accident arises out of the employment when there is a causal connection between the claimant's injury and the conditions under which the employer requires the work to be performed. *R & T Investments* v. *Johns*, 228 Va. 249, 252, 321 S.E.2d 287, 289 (1984). Under this test, an injury arises "out of" the employment when it has followed as a natural incident of the work and has been a result of the exposure occasioned by the nature of the employment. Excluded is an injury which comes from a hazard to which the employee would have been equally exposed apart from the employment. The causative danger must be peculiar to the work, incidental to the character of the business, and

not independent of the master-servant relationship. The event must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence. *Baggett & Meador Cos.* v. *Dillon*, 219 Va. 633, 638, 248 S.E.2d 819, 822 (1978). *See Central State Hospital* v. *Wiggers*, 230 Va. 157, 335 S.E.2d 257 (1985); *Richmond Memorial Hospital* v. *Crane*, 222 Va. 283, 278 S.E.2d 877 (1981).

■ Applying these principles to the present case, we hold this injury did not arise out of the claimant's employment. Under these circumstances, the act of bending over to tie the shoe was unrelated to any hazard common to the workplace. In other words, nothing in the work environment contributed to the injury. Every person who wears laced shoes must occasionally perform the act of retying the laces. The situation of a loose shoelace confronting the claimant was wholly independent of the master-servant relationship.

For these reasons, the award appealed from will be reversed and the application will be dismissed.*

*Reversed and dismissed.*

---

* On appeal, the claimant contends, in an alternative argument, that the so-called "personal comfort" doctrine, see *Bradshaw* v. *Aronovitch*, 170 Va. 329, 336-38, 196 S.E. 684, 686-87 (1938), supports the Commission's award of compensation. At the bar of this Court, the employer and carrier made the unchallenged representation that this theory was never advanced before the Commission. This representation is confirmed by an examination of the record; the Commission did not discuss this theory either at the hearing level or upon review. Accordingly, we will not recognize and uphold on appeal an entirely different theory of recovery than was advanced at the trial level. *Eason* v. *Eason*, 204 Va. 347, 352, 131 S.E.2d 280, 283 (1963).