COURT OF APPEALS OF VIRGINIA


Present: Judges Coleman, Koontz and Willis
Argued at Salem, Virginia


MARION CORRECTIONAL TREATMENT CENTER

v.         Record No. 1442-94-3                    OPINION BY
                                          JUDGE SAM W. COLEMAN III
GARLAND L. HENDERSON                          JUNE 13, 1995


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        James W. Osborne, Assistant Attorney General
        (James S. Gilmore, III, Attorney General; Gregory
        E. Lucyk, Senior Assistant Attorney General;
        Richard L. Walton, Jr., Senior Assistant Attorney
        General, on briefs), for appellant.

        Darrell A. Poe (Bradford & Poe, P.C., on brief),
        for appellee.



     Marion Correctional Treatment Center appeals an award of

medical benefits by the Workers' Compensation Commission to the

appellee, Garland L. Henderson.  The sole issue on appeal is

whether the evidence was sufficient to support the commission's

finding that appellee's injury "arose out of" his employment.

     Garland Henderson is a correctional officer at the Marion

Correctional Treatment Center.  He testified that on April 23, at

approximately 10:15 p.m. as he was returning to the main

building,

        I'd just got through acknowledging the tower
        officer in tower two, which is to the left of
        the steps, and I started down the steps and I
        was looking at tower one to see if the
        officer there was seeing me coming.  And, I
        went to put my right foot down on I think
        it's the third or fourth step, which it's in
        the report but I can't remember which one it
        was.  My heel slid off the steps, I had onto
        the rail, and I put all the weight on the

left knee when I did.  I didn't actually
fall, but when my foot slipped down to the
next step on the right foot all my weight to
my left knee and when I went something popped
in my knee.

The commission found that, because Henderson's job
responsibilities caused him to watch the tower guards rather than
the steps, how he performed his job provided the "critical link"
between the conditions of the workplace and the injury, and
therefore, Henderson's injury arose out of his employment.  See
County of Chesterfield v. Johnson, 237 Va. 180, 186, 376 S.E.2d
73, 76 (1989).  We affirm that holding.

An injury, to be compensable under the Workers' Compensation
Act, must "arise out of" and be "in the course of" employment.
Code § 65.2-101.  See Johnson, 237 Va. at 183, 376 S.E.2d at 74.
 "Arising out of" refers to the origin or cause of the injury.
Richmond Memorial Hospital v. Crane, 222 Va. 283, 285, 278 S.E.2d
877, 878 (1981).  Whether an accident arises out of employment is
a mixed question of law and fact which is reviewable on appeal.
Mullins v. Westmoreland Coal Co., 10 Va. App. 304, 307, 391
S.E.2d 609, 611 (1990).  An injury arises out of the employment
if there is apparent to the rational mind a causal connection
between the conditions under which the work is required to be
performed and the resulting injury.  United Parcel Service v.
Fetterman, 230 Va. 257, 258, 336 S.E.2d 892, 893 (1985).  An
injury does not arise out of one's employment if it is caused by
"a hazard to which the employee would have been equally exposed

-2-

apart from the employment." Johnson, 237 Va. at 183, 376 S.E.2d at 75. However, if an injury "has followed as a natural incident of the work and has been a result of an exposure occasioned by the nature of the employment," then the injury "arises out of" the employment. Fetterman, 230 Va. at 258, 336 S.E.2d at 893.

Virginia has adopted an "actual risk" test and has rejected the "positional risk" test followed by other jurisdictions. See Johnson, 237 Va. at 185, 376 S.E.2d at 75-76. The actual risk test "'requires only that the employment expose the workman to a particular danger from which he was injured, notwithstanding the exposure of the public generally to like risks.'" Olsten v. Leftwich, 230 Va. 317, 319, 336 S.E.2d 893, 894 (1985) (quoting Lucas v. Lucas, 212 Va. 561, 563, 186 S.E.2d 63, 64 (1972)).

Officer Henderson testified at the evidentiary hearing that he was "trained to observe" and that his work duties included "[a]ll security, security and safety of the inmates and the other employees." Henderson testified that every time he walked through the correctional unit, he checked the tower officers "to make sure they're alert and just wave at them and have them wave back." Henderson testified that on the day he slipped, he had just acknowledged tower two, was descending the stairs, and was observing tower one when the accident occurred. Observation of the guard towers was one of the security functions of his employment. The way in which he performed this aspect of his job increased his risk of falling on this occasion and directly

contributed to cause his fall and injury.  Cf. Fetterman, 230 Va. at 259, 336 S.E.2d at 893.  He would not have been equally exposed to the risk apart from his duty to observe the guard towers and provide security at the facility.  Cf. Bradshaw v. Aronovitch, 170 Va. 329, 335, 196 S.E. 684, 686 (1938).  Henderson's injury occurred because of the performance of his job duties in a particular manner.  Therefore, the cause of the injury was not "unrelated to any hazard common to the workplace."  Fetterman, 230 Va. at 259, 336 S.E.2d at 893.  Because Henderson's employment exposed him to a danger that caused his injury, it arose out of his employment.  Id.  The commission did not err in its award of medical benefits.

Affirmed.