COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Bray and Overton
Argued at Norfolk, Virginia


PEOPLES TELEPHONE COMPANY, INC. and
 UNITED STATES FIRE INSURANCE COMPANY

                                    MEMORANDUM OPINION[*] BY
v.         Record No. 1483-95-1    JUDGE NELSON T. OVERTON
                                       JANUARY 30, 1996
RICHARD JOSEPH GARRITY, JR.


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            William C. Walker (Donna White Kearney; Taylor &
            Walker, P.C.), for appellants.

            Richard Joseph Garrity, Jr., pro se.



        Peoples Telephone Company, employer, contends on appeal that

the Workers' Compensation Commission erred in awarding Richard

Garrity temporary total disability benefits.  Because we find

insufficient evidence in the record to support the commission's

finding that Garrity's injury arose out of his employment, we

reverse the commission.

        The claimant was a telephone repairer for the employer.  On

January 28, 1994, he was sitting at a standard office desk when

he had to bend over to pick up something that had fallen from his

desk.  Garrity could not remember what the item was, nor could he

recall whether he first felt pain upon bending over or after he

had grabbed the object.

        An injury is compensable when it arises out of and in the

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

course of the employment of the claimant.  <u>County of Chesterfield v. Johnson</u>, 237 Va. 180, 183, 376 S.E.2d 73, 74 (1989); <u>see</u> Code § 65.2-101.  An accident arises out of the employment when a causal connection exists between the claimant's injury and the conditions under which the employer requires the work to be performed.  <u>United Parcel Serv. v. Fetterman</u>, 230 Va. 257, 258, 336 S.E.2d 892, 893 (1985).  The causative danger must be peculiar to the work and incidental to the character of the business.  If the injury stemmed from a hazard to which the employee would have been equally exposed apart from the employment, no compensation is warranted.  <u>Id.</u>

Garrity injured his back while engaged in the type of normal motion that he would perform in his daily life outside the work environment.  The record from the deputy commissioner's hearing demonstrates no unusual or awkward movement.  The risk of injury was not heightened by the employment.

Having found no credible evidence to support a finding that Garrity's injury arose out of his employment, we reverse the commission's award of benefits.

<u>Reversed and final judgment.</u>