COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


MILDRED HACKNEY

v.    Record No. 0012-96-3                    MEMORANDUM OPINION[*]
                                                  PER CURIAM
M P & M COAL CO., INC.                        APRIL 30, 1996
AND
LIBERTY MUTUAL INSURANCE COMPANY


              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                      (Gerald F. Sharp; Browning, Lamie & Sharp,
                      on brief), for appellant.

                      (Todd G. Patrick; Deborah W. Dobbins;
                      Gilmer, Sadler, Ingram, Sutherland &
                      Hutton, on brief), for appellees.



        Mildred Hackney appeals a decision of the Workers'

Compensation Commission denying her application for benefits.

Hackney contends that the commission erred in finding that her

April 4, 1994 fall down a stairway did not arise out of her

employment.  Finding no error, we affirm.

        During the course of her employment on April 4, 1994,

Hackney lifted a box of parts, measuring eighteen by twelve

inches in size, and began to descend the four rock steps of her

home.  While carrying the box in front of her body, she "just

tumbled down the steps."  As she did so, she fell and hurt her

knee.  Hackney testified that she saw no foreign substance on the

steps, no defect in the steps, nor any condition which might have

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

caused her to fall.

"To prove the 'arising out of' element, [in a case involving injuries sustained from falling down stairs at work,] [Hackney] must show that a condition of the workplace either caused or contributed to her fall." Southside Virginia Training Ctr. v. Shell, 20 Va. App. 199, 202, 455 S.E.2d 761, 763 (1995) (citing County of Chesterfield v. Johnson, 237 Va. 180, 184, 376 S.E.2d 73, 76 (1989)). "Whether an injury arises out of the employment is a mixed question of law and fact and is reviewable by the appellate court." Plumb Rite Plumbing Serv. v. Barbour, 8 Va. App. 482, 483, 382 S.E.2d 305, 305 (1989). However, unless we conclude that Hackney proved, as a matter of law, that her employment caused her injury, the commission's finding is binding and conclusive on appeal. Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

Although Hackney was performing a work-related activity when her injury occurred, her evidence failed to show that any defect in the steps or any condition peculiar to her workplace caused her to fall down the steps and injure herself. Contrary to Hackney's assertion on appeal, no evidence showed that carrying the box prevented her from seeing the steps, that the box played any role in causing her fall, or that the box created an added risk peculiar to her employment. Therefore, we cannot find that Hackney proved as a matter of law that her injury arose out of her employment.

2

For the reasons stated, we affirm the commission's decision.

Affirmed.

BENTON, J., dissenting.

I agree that the evidence in this case is lacking and fails to develop several facts. However, such as it is, the evidence proves that Hackney's fall arose out of her employment.

When Hackney fell and injured her knee, she was in the course of her employment in a rural mining community. Hackney testified that she fell while she was descending steps from the porch to the ground and "carrying a big box" of parts that she was required to deliver to her employer's mining operation. She testified that she was "not good at [estimating the box's] poundage" and said the box "was pretty heavy." Hackney demonstrated the size of the box; however, her counsel stated on the record only two dimensions, "Maybe 18 by 12 - inch." Although that description obviously fails to describe a box, Hackney did state that the box was "big" and that she was "cradling it with [her] arms out in front of [her]" as she descended.

In response to questioning by the deputy commissioner, Hackney described the steps that lead to her porch as "big, round -- some kind of big round pieces of rock." She further indicated that the height "is two steps from the ground up to the porch."

In Reserve Life Ins. Co. v. Hosey, 208 Va. 568, 159 S.E.2d 633 (1968), the following evidence proved an injury arose out of the course of employment:

> [I]n the course of her employment by
> defendant, Mrs. Hosey was making a door-to-
> door survey in the town of Woodstock to find

4

> out whether the people were interested in hospital insurance. She was going up the steps to one of the homes and when she made the final step, she said, "it was just like my knee had caught and then it just snapped just like a bone had broken in it" and she felt a sharp, severe pain. These were rock steps that she was ascending, on the corner of a street and "they were just a little bit higher than usual for a step."
>
> This was around 4 p.m. on a very hot day and she had nothing in her hand except some papers as she went up the steps. She did not know, she said, what caused her knee to twist or turn "because it had never happened before." She had worked at all kinds of jobs, "and I have never had nothing like that happen at any other time." She reported the matter that evening to defendant's branch supervisor, who later filled out an accident report.

Id. at 569, 159 S.E.2d at 634.

Hackney's testimony that she was descending a step made of a "big, round -- some kind of big round pieces of rock" while carrying a box so large and heavy that she had to cradle it in her arms was sufficient to prove facts "'apparent to the rational mind upon consideration of all the circumstances, [that] a causal connection [existed] between the conditions under which the work is required to be performed and the resulting injury.'" Id. at 571, 159 S.E.2d at 635 (citation omitted). Her uncontradicted testimony proved that the conditions of her workplace caused or contributed to her fall. Bradshaw v. Aronovitch, 170 Va. 329, 335-36, 196 S.E. 684, 686 (1938). See also Marion Correctional Treatment Center v. Henderson, 20 Va. App. 477, 458 S.E.2d 301 (1995)(a leg injury arose out of employment where a correctional

5

officer testified that he was observing a guard tower, rather than the steps in front of him, when he descended stairs and fell).

For these reasons, I would reverse the commission's denial of an award to Hackney.