COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Elder and Annunziata
Argued at Salem, Virginia


GOODYEAR TIRE & RUBBER CO., INC., ET AL.

v.   Record No.  1350-95-3          MEMORANDUM OPINION[*] BY
                                    JUDGE ROSEMARIE ANNUNZIATA
LARRY D. LANUM                           JUNE 18, 1996


              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              Martha White Medley (Daniel, Vaughan, Medley
              & Smitherman, P.C., on brief), for
              appellants.

              No brief or argument for appellee.


     Employer, Goodyear Tire & Rubber Co., Inc., appeals the

decision of the Virginia Workers' Compensation Commission,

awarding medical benefits to claimant, Larry D. Lanum.  The

commission found claimant suffered a compensable injury by

accident arising out of and in the course of his employment.

Employer contends claimant's injury did not "arise out of" his

employment.  Finding no error, we affirm.

     Claimant's job duties included filing three-by-seven inch

aperture cards in the bottom drawer of a knee-high cabinet for

approximately ten to fifteen minutes each day.[1]  In conducting

this task, claimant bent at the waist, at approximately forty-

five degrees, and tilted his head back to see through his

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

[1]An aperture card is a small negative of a drawing.

bifocals. Claimant testified that on July 15, 1994 he experienced a sudden pain in his neck while in this position. He stated that the pain grew progressively worse the next day and through the summer and fall. Claimant's medical records also indicate that claimant's pain gradually intensified.

Following his injury, claimant continued to work and perform his usual tasks. Claimant first sought medical attention for his condition on August 10 from the plant dispensary where he complained of neck pain and numbness and tingling in his right shoulder. In September, Dr. Lawrence F. Cohen, claimant's attending physician, diagnosed claimant with a C3-4 herniated disk. Dr. Cohen's "Attending Physician's Report" notes that claimant's condition resulted from a hyperextension of his neck at work on July 15. Claimant subsequently underwent surgery.

The deputy commissioner found claimant suffered a compensable injury by accident arising out of and in the course of his employment. The deputy commissioner made specific findings that claimant was injured at work and that the injury was not a pre-existing condition. However, the deputy commissioner did not make a specific finding with respect to whether claimant's injury arose out of and in the course of employment.

The full commission affirmed. It found the evidence sufficient to establish the specific time and place of claimant's injury and further found that claimant's employment required him

to file the cards and required the work be performed in an unusual or awkward position. The ability to do the filing in a different manner was found to be of no consequence.

## I.

"Injury by accident" is defined, within the context of the Workers' Compensation Act as "an identifiable incident or sudden precipitating event [that results] in an obvious sudden mechanical or structural change in the body." Morris v. Morris, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989). By contrast, a gradually incurred injury is not an injury by accident within the meaning of the Act. Middlekauff v. Allstate Insurance Co., 247 Va. 150, 154, 439 S.E.2d 394, 397 (1994). Though an injury by accident must be "`bounded with rigid temporal precision,' . . . [a]n injury need not occur within a specific number of seconds or minutes . . . but instead, must occur within a `reasonably definite time.'" Brown v. Caporaletti, 12 Va. App. 242, 243-44, 402 S.E.2d 709, 710 (1991) (quoting Morris, 238 Va. at 589, 385 S.E.2d at 865 (1989)).

On appeal, this Court construes the evidence in the light most favorable to the party prevailing below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). The commission's findings of fact will be upheld if supported by credible evidence. James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

We find credible evidence to support the commission's

finding that claimant suffered an "injury by accident." Claimant testified to a "sudden" pull in his neck, occurring during a ten to fifteen minute period on a specific date. Moreover, the medical report of claimant's treating physician notes that the condition was due to claimant hyperextending his neck at work on that date.

## II.

To be compensable, an injury by accident must "aris[e] out of and in the course of employment." Code § 65.2-101; <u>County of Chesterfield v. Johnson</u>, 237 Va. 180, 183, 376 S.E.2d 73, 74 (1989).[2] The claimant bears the burden of proving his injury arose out of his employment. <u>Marketing Profiles, Inc. v. Hill</u>, 17 Va. App. 431, 433, 437 S.E.2d 727, 729 (1993). The issue of whether an injury arose out of employment is a mixed question of law and fact, reviewable on appeal. <u>Southside Training Center v. Shell</u>, 20 Va. App. 199, 202, 455 S.E.2d 761, 763 (1995). However, the commission's underlying findings of fact will not be disturbed on review if credible evidence supports them. <u>See</u> <u>Hill</u>, 17 Va. App. at 435, 437 S.E.2d at 729-30; <u>Ogden Allied Aviation v. Shuck</u>, 17 Va. App. 53, 55, 434 S.E.2d 921, 922 (1993), <u>aff'd on reh'g</u>, 18 Va. App. 756, 446 S.E.2d 898 (1994).

The phrase "arising out of" refers to the origin or cause of the injury. <u>Johnson</u>, 237 Va. at 183, 376 S.E.2d at 74 (comparing

---

[2]Employer does not contend that claimant's injury did not arise in the course of his employment; the issue is solely whether his injury arose out of his employment.

phrase "arising in the course of," which refers to time, place, and circumstances under which accident occurred); <u>Marion Correctional Center v. Henderson</u>, 20 Va. App. 477, 479, 458 S.E.2d 301, 303 (1995). As employer argues, Virginia has rejected the "positional risk" test in favor of the "actual risk" test. <u>E.g.</u>, <u>Johnson</u>, 237 Va. at 185, 376 S.E.2d at 75-76. In Virginia, "[t]he mere happening of an accident at the workplace, not caused by any work related risk or significant work related exertion, is not compensable." <u>Shuck</u>, 17 Va. App. at 54, 434 S.E.2d at 922 (quoting <u>Plumb Rite Plumbing Service v. Barbour</u>, 8 Va. App. 482, 484, 382 S.E.2d 305, 306 (1989)). The "actual risk" test "`requires only that the employment expose the workman to a particular danger from which he was injured, notwithstanding the exposure of the public generally to like risks.'" <u>Henderson</u>, 20 Va. App. at 480, 458 S.E.2d at 303 (quoting <u>Olsten v. Leftwich</u>, 230 Va. 317, 319, 336 S.E.2d 893, 894 (1985)). Thus, to prove the injury arose out of the employment, a claimant must establish "a causal connection between the conditions under which the work is required to be performed and the resulting injury." <u>Henderson</u>, 20 Va. App. at 480, 458 S.E.2d at 303; <u>Shuck</u>, 17 Va. App. at 54, 434 S.E.2d at 922 (quoting <u>Barbour</u>, 8 Va. App. at 484, 382 S.E.2d at 306) ("claimant must `show that the conditions of the workplace or that some significant work related exertion caused the injury'"). "The causative danger must be peculiar to the work, incidental to the character of the business, and not

independent of the master-servant relationship."  United Parcel Service v. Fetterman, 230 Va. 257, 258-59, 336 S.E.2d 892, 893 (1985).

Thus, in cases where an injury does not follow "as a natural incident of the work" and does not result from "exposure occasioned by the nature of the employment," the injury does not "arise out of" employment.  Id. at 258-59, 336 S.E.2d at 893 (back pain resulting from bending to tie shoe while at work did not arise out of employment); see also Johnson, 237 Va. at 186, 376 S.E.2d at 76 (fall resulting from mere act of turning on a normal flight of stairs while at work did not arise out of employment); Central State Hospital v. Wiggers, 230 Va. 157, 159-60, 335 S.E.2d 257, 259 (1985) (twisted ankle resulting from mere act of walking while at work did not arise out of employment); Richmond Memorial Hospital v. Crane, 222 Va. 283, 285-86, 278 S.E.2d 877, 879 (1981) (leg injury resulting from mere act of walking while at work did not arise out of employment); Barbour, 8 Va. App. at 484, 382 S.E.2d at 306 (back injury resulting from the mere act of bending over to pick up pipe while at work did not arise out of employment).

However, an injury may be found to arise out of employment when it is occasioned by the nature of the employment itself. See Henderson, 20 Va. App. at 481, 458 S.E.2d at 303 (injury resulting from fall on normal flight of stairs arose out of employment because work required claimant to observe guard towers

while descending stairs); <u>Brown</u>, 12 Va. App. at 244-45, 402 S.E.2d at 710-11 (1991) (injury resulting from lowering 100 pound furnace and cutting and fitting motions performed while bent over arose out of employment because such risks were encountered solely due to nature of job); <u>Grove v. Allied Signal, Inc.</u>, 15 Va. App. 17, 21, 421 S.E.2d 32, 34-35 (1992) (back injury resulting from bending, crouching, or squatting to perform work task arose out of employment); <u>Shuck</u>, 17 Va. App. at 54-55, 434 S.E.2d at 922 (neck injury resulting from tilting head back to look directly overhead to monitor fuel gauges arose out of employment).

Here, the commission relied on <u>Shuck</u> in finding claimant's neck injury arose out of his employment. The commission found the position claimant maintained while filing the aperture cards was unusual or awkward. Employer contends claimant's condition was not unusual since he could have found himself in the same position outside the work environment. However, the test is whether claimant's injury resulted from an exposure to risk occasioned by the nature of his employment, "notwithstanding the exposure of the public generally to like risks." <u>Henderson</u>, 20 Va. App. at 480, 458 S.E.2d at 303 (quoting <u>Olsten</u>, 230 Va. at 319, 336 S.E.2d at 894). Here, claimant maintained his "awkward" body position in order to accomplish an employment related task.

Employer further argues that other means were available to claimant for performing the task. However, the test is not

whether the actual act, movement, or "body contortion" which resulted in injury might have been avoided by using other available methods to perform the work.  Rather, where the injury-producing act, movement, or "contortion" is inherent in the nature of the employment, it matters not that other approaches to the task are available to the claimant.

For these reasons, we affirm the commission's decision.

Affirmed.
