COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judges Fitzpatrick and Annunziata
Argued at Alexandria, Virginia


REYNOLDS METALS COMPANY and
 PACIFIC EMPLOYERS INSURANCE COMPANY

                                    MEMORANDUM OPINION[*] BY
v.         Record No. 1029-96-3     JUDGE ROSEMARIE ANNUNZIATA
                                         NOVEMBER 26, 1996
SHARON SHIFFLETT


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION


          Ruth Nathanson Carter (Midkiff & Hiner, on
          brief), for appellants.

          A. Thomas Lane, Jr., for appellee.



     Employer, Reynolds Metals Company, appeals from an award of

benefits to claimant, Sharon Shifflett, for injuries she

sustained in the course of her employment.  Employer disputes

that claimant's injury "arose out of" her employment.  We

disagree and affirm the award.

                                I.

     "An accident arises out of the employment when there is a

causal connection between the claimant's injury and the

conditions under which the employer requires the work to be

performed."  United Parcel Service v. Fetterman, 230 Va. 257,

258, 336 S.E.2d 892, 893 (1985).  "The causative danger must be

peculiar to the work, incidental to the character of the

business, and not independent of the master-servant

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

relationship." Id. at 258-59, 336 S.E.2d at 893. Excluded is "`an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the work[er] would have been equally exposed apart from the employment.'" Bradshaw v. Aronovitch, 170 Va. 329, 335, 196 S.E. 684, 686 (1938) (citation omitted).

We find that the evidence supports the commission's finding that claimant's injury arose out of her employment. The causal connection between claimant's back injury and the conditions under which employer required the work to be performed is clear.

Claimant worked as a scrap baler on the day of her accident. A scrap baler feeds scrap plastic into a baling machine. The baling machine is approximately two feet wide, six feet long, and twenty inches deep. It sits approximately eight inches off the floor. There is a square opening in the top of the machine, approximately twenty-two inches wide. The machine packages the scrap into square bales, similar in size to bales of hay. Once the scrap is squared, the bales must be tied. To tie the bales, the scrap baler must bend over the sidewall of the machine, the top of which is twenty-eight inches from the floor, reach into the square opening, and grasp two strings, each from a different location on the bottom of the machine, twenty inches below. The baler then pulls the strings up and across the bale and slips them into a "hook piece towards the front." No weight is attached to the strings, which are of negligible weight.

Carrying out these duties, claimant bent over the outer wall of the machine, which was about waist-high to claimant, and reached into the opening for the strings. She grasped the first string, reached further away for the second string, grasped the second string and, as she started to raise up, felt a "pull" in her back.

Claimant testified that the effort the task required is similar to the effort exerted in bending at the waist to tie a shoe but that she did not have to reach all the way to the floor. She also stated that, because of the machine's dimensions, no alternative means, such as squatting, was available to complete the task. Claimant demonstrated to the deputy commissioner the bending and reaching motion the task required.

The commission found that the movement involved was "awkward," stating

> the claimant was required to lean over a
> wall, bend down into the bottom of the
> machine approximately eight inches off the
> floor, then reach to grab strings. One
> string is further back than the other. The
> claimant was not simply bending over in a
> shoe tying motion. Although the claimant did
> not dispute defense counsel's comparison to
> tying shoes, we find that the motion involved
> reaching as well as bending.

In discounting the deputy commissioner's finding that "claimant's movement in retrieving the string was neither awkward nor stressful," the commission noted that "claimant did not replicate the exact movement for the Deputy Commissioner because of medical restrictions." Indeed, the record shows that claimant

demonstrated only the bending motion involved, not the complete task of bending and reaching. The deputy commissioner's decision failed to address the entire task involved here, which required more than bending. It observed:

> We find that at the time of her injury, Shifflett had performed <u>a normal movement of bending forward</u> from the waist in order to reach an object located approximately 8 inches above floor level.
>
> *    *    *    *    *    *    *
>
> [The] maneuver involved the simple act of bending forward, and the resulting injury was unrelated to a risk or causative hazard of the employment.

(Emphasis added.)

We find that the evidence supports the commission's conclusion that claimant's movement involved more than simple bending and that, as the causative factor in the case, the bending and reaching movement described was peculiar to the job. See <u>Grove v. Allied Signal, Inc.,</u> 15 Va. App. 17, 22, 421 S.E.2d 32, 35 (1992) (pipe fitter's injury resulting from bending and reaching for pipe had origin in risk connected with employment). Further, we find no evidence that bending and simultaneous reaching into a baling machine in the manner described is a hazard to which claimant would have been equally exposed apart from her employment. Contrary to employer's contention, this case is readily distinguished from <u>Fetterman</u>, where the employee's injury resulted from his bending to tie his shoe while he was at work.

## II.

The only question employer presented pursuant to Rule 5A:25 was "[w]hether the [c]ommission erred as a matter of law in finding that the claimant sustained an injury by accident arising out of her employment." Accordingly, we decline to address employer's additional contention, raised in its brief, that the commission erred in awarding temporary total disability benefits subsequent to September 12, 1995.

According, the commission's decision is affirmed.

<u>Affirmed.</u>