COURT OF APPEALS OF VIRGINIA

Present:  Judges Willis, Bray and Senior Judge Hodges
Argued at Alexandria, Virginia


COMMERCIAL COURIER EXPRESS, INC.
 and MICHIGAN MUTUAL INSURANCE COMPANY
                                    MEMORANDUM OPINION[*] BY
v.         Record No. 1973-96-4      JUDGE RICHARD S. BRAY
                                       MARCH 25, 1997
DAVID CAIRNS

            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                Cecil H. Creasey, Jr. (Sands, Anderson,
                Marks & Miller, on brief), for appellants.

                No brief or argument for appellee.


      Commercial Courier Express, Inc. and Michigan Mutual

Insurance Company (collectively employer) appeal a decision of

the Virginia Workers' Compensation Commission awarding benefits

to David Cairns (claimant) for certain accidental injuries.  On

appeal, employer contends that the commission erroneously

concluded that the accident arose from claimant's employment and

implicitly found a causal relationship with claimant's "deep vein

thrombosis."  While we agree that the injury arose from

employment, we remand the issue of causation for specific

adjudication by the commission.

      The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to a

disposition of the appeal.

---

      [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Guided by well-established principles, we construe the evidence in the light most favorable to the party prevailing below, claimant in this instance. See Crisp v. Brown's Tysons Corner Dodge, Inc., 1 Va. App. 503, 504, 339 S.E.2d 916, 916 (1986). "If there is evidence, or reasonable inferences can be drawn from the evidence, to support the Commission's findings, they will not be disturbed on review, even though there is evidence in the record to support a contrary finding." Morris v. Badger Powhatan/Figgie Int'l, Inc., 3 Va. App. 276, 279, 348 S.E.2d 876, 877 (1986); see Code § 65.2-706.

To prevail, claimant "must prove: (1) an injury by accident, (2) arising out of and (3) in the course of his employment." Kane Plumbing, Inc. v. Small, 7 Va. App. 132, 135, 371 S.E.2d 828, 830 (1988); see Code § 65.2-101. "The phrase arising 'in the course of' refers to the time, place, and circumstances under which the accident occurred," whereas "arising 'out of' refers to the origin or cause of the injury." County of Chesterfield v. Johnson, 237 Va. 180, 183, 376 S.E.2d 73, 74 (1989). "[T]he arising out of test excludes 'an injury which comes from a hazard to which the employee would have been equally exposed apart from the employment. The causative danger must be peculiar to the work, incidental to the character of the business, and not independent of the master-servant relationship.'" Id. at 183-84, 376 S.E.2d at 75 (quoting United Parcel Service v. Fetterman, 230 Va. 257, 258-59, 336 S.E.2d 892, 893 (1985)). Claimant must

establish "that the conditions of the workplace or . . . some significant work related exertion caused the injury." Plumb Rite Plumbing Serv. v. Barbour, 8 Va. App. 482, 484, 382 S.E.2d 305, 306 (1989).

"The actual determination of causation is a factual finding that will not be disturbed on appeal," if supported by credible evidence. Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989); see Code § 65.2-706. However, whether an injury arises out of employment is a mixed question of law and fact reviewable upon appeal." See Park Oil v. Parham, 1 Va. App. 166, 168, 336 S.E.2d 531, 532 (1985).

Here, relying upon Marion Correctional Treatment Center v. Henderson, 20 Va. App. 477, 458 S.E.2d 301 (1995), the commission concluded that claimant's injury arose from employment. In Henderson, a correctional officer, responsible for "[a]ll . . . security and safety of the inmates and the other employees" at the institution, determined that "tower officers" were "alert" by routinely waving while he walked about the facility. Id. at 480, 458 S.E.2d at 303. Immediately prior to the accident, Henderson had "acknowledged tower two," began to descend stairs, and slipped on the third or fourth step while "observing tower one." Id. at 479-80, 458 S.E.2d at 302-03. In affirming an award of benefits, we noted that:

> Observation of the guard towers was one of the security functions of his employment. The way in which he performed this aspect of his job increased his risk of falling on this occasion and directly contributed to cause his fall and injury. He would not have been

- 3 -

equally exposed to the risk apart from his duty to observe the guard towers and provide security at the facility. [His] injury occurred because of the performance of his job duties in a particular manner. Therefore, the cause of the injury was not "unrelated to any hazard common to the workplace."

Id. at 480–81, 458 S.E.2d at 303 (quoting Fetterman, 230 Va. at 259, 336 S.E.2d at 893) (citations omitted).

Similarly, claimant in this instance was not specifically required to look for the truck while descending stairs, but was clearly responsible for "[m]aintaining a fleet of 82 trucks[,] taking care of [and] . . . supervising the drivers." Claimant testified that he fell because he was "[t]rying to do [two work-related] things at once, look out the window [for the driver] and walk down the stairs." Thus, like Henderson, "[t]he way in which [claimant] performed this aspect of his job increased his risk of falling on this occasion and directly contributed to cause his fall . . . . [His] injury occurred because of the performance of his job duties in a particular manner." Id.

Accordingly, we affirm the commission's decision that the accident arose from claimant's employment. However, because the commission did not address employer's contention that the evidence was insufficient to prove a causal relationship between the accident and alleged injury, we remand for resolution of that issue.

Affirmed in part and remanded in part.

- 4 -