COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Bumgardner and Frank
Argued at Salem, Virginia


COUNTY OF BUCHANAN SCHOOL BOARD AND
 AIU INSURANCE COMPANY
                                          OPINION BY
v.    Record No. 1750-00-3           JUDGE ROBERT P. FRANK
                                          MARCH 6, 2001
DIANA SUE HORTON


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            S. Vernon Priddy, III (Patsy L. Mundy; Sands,
            Anderson, Marks & Miller, on briefs), for
            appellants.

            Clarence E. Phillips (Traci M. Coleman, on
            brief), for appellee.


      The County of Buchanan School Board (employer) contends the

Workers' Compensation Commission (commission) applied the

incorrect standard to determine compensability in awarding

benefits to Diana Horton (claimant).  Employer further contends

the commission erred in finding claimant's injury arose out of

her employment.  We agree and reverse the commission's award.

                         I.  BACKGROUND

      On February 12, 1998, claimant was employed as an

elementary school teacher by employer.  On that day, claimant,

at the request of employer, attended a school board meeting to

discuss matters related to claimant's employment as a teacher.

As claimant was leaving the office where the meeting was held,

she exited by a door and then stepped onto a small platform before attempting to descend a set of steps.  As claimant attempted to descend the first step, she fell.  Donald Jenkins witnessed claimant's fall.  Employer's personnel immediately came to the scene of the fall, and rescue personnel were summoned.  Claimant was taken to the emergency room at Buchanan General Hospital.  She was treated and released.

After being released from the emergency room, claimant reported the accident to employer.  Claimant informed employer that she had fallen at its office when she attempted to descend a set of steps.

Neither the emergency room doctor nor employer specifically asked claimant what caused her to fall or why she had fallen down the steps.  On March 16, 1998, employer's insurance carrier took a statement from claimant by telephone.  This was the first occasion that claimant was questioned regarding the cause of her fall.  During this interview, claimant stated that she had fallen down a set of steps but was not sure what caused her fall.  Claimant, when asked if she tripped, told the carrier she was not sure.

Several weeks after the fall, claimant revisited the accident site and inspected the steps where she fell.  Claimant stated that her inspection of the first step revealed that it

-

was defective.  It had a metal riser[1] at the edge of the step

that protruded above the concrete step.  As a result of

revisiting the accident site at the school board office,

claimant recalled that her shoe caught on the step riser and

caused her to fall.

Eyewitness Donald Jenkins, a co-worker of claimant, stated

he actually observed claimant's fall.  During his testimony, Mr.

Jenkins indicated he saw claimant's shoe catch on the metal

riser that protruded above the concrete step.

Mr. Jenkins also testified that he had previously informed

the County Superintendent of Schools about the defective steps.

Claimant's principal informed her that he had almost fallen on

the same steps.

At the hearing, claimant submitted a series of photographs

that showed the steps where she fell.  The deputy commissioner

ruled that claimant's injury did not arise out of her employment[2]

because "no risk, hazard or defect associated with the

employment caused her to fall."

The full commission characterized the photographs submitted

by claimant in the following manner:

> Examination of these photographs fails
> to reflect any defect in the top step on

---

[1] Although the commission and the parties refer to the piece of metal that protruded above the step as a "riser," it is actually a metal safety strip.

[2] It is not contested that the injury occurred within the course of claimant's employment.

-

> which the claimant alleged she fell.  The
> photographs submitted by the claimant show
> that the riser or safety strip on the front
> edge of the step is higher than the back
> portion; however, photographs of an edge
> view of the steps, submitted by the
> employer, show the riser and the step being
> flush.  In the photograph, the red floor mat
> appears to be higher than the riser.  There
> appears to be a thin groove in the riser.

Thus, while the commission found no "defect in the top step on which the claimant alleged she fell," it reversed the deputy commissioner's decision on the basis that claimant's injury arose out of her employment because a condition of the employment caused the injury.

## II.  ANALYSIS

Employer first contends the commission failed to apply the correct standard in determining whether the injury arose out of claimant's employment.  Employer further contends the commission erred in finding that a condition of claimant's employment caused her injury.

"The commission's decision that an accident arises out of the employment involves a mixed question of law and fact and is thus reviewable on appeal."  Southside Virginia Training Center/Commonwealth of Virginia v. Shell, 20 Va. App. 199, 202, 455 S.E.2d 761, 763 (1995) (citation omitted).

Employer first contends the commission applied an incorrect standard to determine compensability.  In its opinion, the commission wrote, "[T]he current law is that for injuries

-

involving stairs to be compensable there must be a risk, hazard or defect associated with the employment that caused the injury."

We have held that in order for a fall on stairs to be compensable there must either be a defect in the stairs or claimant must have fallen as a result of a condition of the employment. Shell, 20 Va. App. at 203, 455 S.E.2d at 763. See also Memorial Hospital v. Hairston, 2 Va. App. 677, 347 S.E.2d 527 (1986). We, therefore, hold that the commission erred when it ruled that the defect must be associated with the employment. Rather, the steps must either be defective or a condition of the employment must cause the injury.

In this case, the commission factually found no defect in the top step. Therefore, in order for claimant's injury to be compensable, it must have resulted from a condition of her employment.

In Shell, claimant fell while traversing steps on her way to retrieve a medical file. Shell, 20 Va. App. at 201, 455 S.E.2d at 762. Claimant admitted there was nothing unusual about the steps and that she fell when she turned to look at a client who was "'recreating.'" Id. Claimant did not state "the client was the direct cause of her inadvertence to the stairs." Id. at 203, 455 S.E.2d at 763. We found no defect in the stairs and no evidence that claimant was hurried or distracted by her employment duties. Id. at 203-04, 455 S.E.2d at 763-64. We

-

concluded a condition of the employment did not cause claimant to fall on the stairs and, therefore, the injury did not arise out of her employment.

Conversely, we found a compensable injury in Marion Correctional Treatment Center v. Henderson, 20 Va. App. 477, 458 S.E.2d 301 (1995).  In Henderson, claimant, a correctional officer, fell down a set of stairs while he watched the tower guard for acknowledgment.  Id. at 479, 458 S.E.2d at 302.  We wrote:

> Observation of the guard towers was one of the security functions of his employment. The way in which he performed this aspect of his job increased the risk of falling on this occasion and directly contributed to cause his fall and injury.  He would not have been equally exposed to the risk apart from his duty to observe the guard towers and provide security at the facility.

Id. at 480-81, 458 S.E.2d at 303.

In this case, although the commission concluded that a condition of the employment caused claimant's injury, nothing in the record supports that conclusion.  The commission wrote that because claimant's heel "got caught in the riser," the injury was caused by a condition of the employment.  We reject the commission's analysis that such was a condition of the employment.  Because the commission found no defect in the steps and because nothing in the record supports the commission's holding that the injury occurred as the result of a condition of the employment, we hold that the injury did not arise out of the

-

employment; accordingly, we reverse the commission's award.  We remand to the commission for entry of a judgment consistent with this opinion.

<u>Reversed and remanded.</u>