COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Humphreys and Senior Judge Overton
Argued at Chesapeake, Virginia


KENNETH LEE CARROLL

                                    MEMORANDUM OPINION* BY
v.    Record No. 2704-00-1       JUDGE JERE M. H. WILLIS, JR.
                                          JUNE 5, 2001
ROLAND VAULTS, LTD. AND
 TRAVELERS INDEMNITY COMPANY OF AMERICA


              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              Steven M. Oser for appellant.

              Warren H. Britt (Warren H. Britt, P.C., on
              brief), for appellees.


        On appeal, Kenneth Lee Carroll contends that the Workers'

Compensation Commission erred in holding that he failed to prove

that he sustained an injury by accident arising out of his

employment.  Finding no error, we affirm.

                        I.  BACKGROUND

        On June 21, 1999, Carroll was employed by State

Manufacturing Company as a truck driver.  His duties required

him to deliver burial vaults to a cemetery in Norfolk.  He had

been to this cemetery several times previously.

---

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

After making his delivery, Carroll stopped to use the restroom at the cemetery office. While walking down the steps leaving the restroom, he slipped and fell, injuring his back.

Carroll filed a claim for benefits. At the hearing, he introduced photographs of the steps and stated that they were painted with "latex house paint." The photographs showed that the steps were of uneven size. Carroll testified that, on the day of the accident, he was not intoxicated and he had no existing leg or back condition that may have caused the accident. He did not testify that the slightly varied height or width of the steps caused him to fall. He admitted that he did not know whether the design of the steps violated a building code.

The deputy commissioner held that Carroll "failed to prove that some unusual condition was present which caused[,] or contributed to cause[,] the accident." He concluded that Carroll's fall and injury had not been proven to arise out of his employment and denied benefits. The full commission affirmed.

## II.  ANALYSIS

On appeal, we view the evidence in the light most favorable to the party prevailing below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). A finding by the commission that an injury did or did not arise

out of and in the course of employment is a mixed finding of law and fact and is properly reviewable on appeal. See City of Richmond v. Braxton, 230 Va. 161, 163-64, 335 S.E.2d 259, 261 (1985).

In order to prove that an injury "arose out of" his employment, a claimant must prove "a causal connection between the conditions under which the work is required to be performed and the resulting injury." Richmond Mem'l Hosp. v. Crane, 222 Va. 283, 285, 278 S.E.2d 877, 878 (1981). "An accident arises out of the employment when there is a causal connection between the claimant's injury and the conditions under which the employer requires the work to be performed." United Parcel Service v. Fetterman, 230 Va. 257, 258, 336 S.E.2d 892, 893 (1985) (citation omitted). Furthermore, "the arising out of test excludes 'an injury which comes from a hazard to which the employee would have been equally exposed apart from the employment. The causative danger must be peculiar to the work, incidental to the character of the business, and not independent of the master-servant relationship.'" County of Chesterfield v. Johnson, 237 Va. 180, 183-84, 376 S.E.2d 73, 75 (1989) (quoting Fetterman, 230 Va. at 258-59, 336 S.E.2d at 893). Thus, a condition of the workplace must cause or contribute to the fall, and the fall must cause the injury. Id. at 184, 376 S.E.2d at

75. There must be a "critical link between the conditions of the workplace and the injury." Id. at 186, 376 S.E.2d at 76.

Carroll presented no evidence that a condition peculiar to his employment caused him to slip and fall. He simply testified that he slipped and fell. Although his application for benefits alleged various defects in the steps, he neither testified about these conditions nor presented evidence that any such condition caused him to fall. He did not testify to any defect in the steps, except to say that he perceived them to be "unsafe." He made no causal connection between the slight height or width discrepancy of the steps and his fall. He did not assert that a foreign substance on the steps caused him to slip. The bare fact that the steps were painted with "latex house paint" did not prove that they were slippery.

We affirm the commission's decision.

Affirmed.