COURT OF APPEALS OF VIRGINIA


Present:    Judges Benton, Bumgardner and Kelsey
Argued at Alexandria, Virginia


SHERRY P. SMITH

                                                  MEMORANDUM OPINION[*] BY
v.        Record No. 0413-04-4              JUDGE RUDOLPH BUMGARDNER, III
                                                    DECEMBER 7, 2004
J.C. PENNY CO., INC. AND INSURANCE
 COMPANY OF THE STATE OF PENNSYLVANIA


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Andrew S. Kasmer (Chasen & Boscolo, P.C., on brief), for
            appellant.

            Susan A. Evans (Siciliano, Ellis, Dyer & Boccarosse, on brief), for
            appellees.


        The Workers' Compensation Commission denied Sherry P. Smith's claim for benefits for

injuries sustained when she fell down stairs at work.  Finding no error, we affirm.

        We view the evidence and the reasonable inferences fairly deducible therefrom in the

light most favorable to the employer, the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  The worker was a hairstylist.  She

went to the supply room to get a tube of hair color, climbed a set of stairs, got the hair color, and

started down the stairs.  She fell before reaching the bottom and filed a claim for injury to her

back and right knee.

        The emergency room record stated that the worker fell down three steps onto both knees

two days before.  The Employer's Accident Report completed the same day stated the worker

"fell down last 2 steps on stairs."  The workers' compensation claim worksheet submitted by the

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

worker stated she "was using the handrail while walking down the stairs" when she "slipped and fell down the last couple stairs [sic]." When interviewed two weeks later, the worker stated that there was nothing on the stairs and nothing wrong with them except that they did not have any "padding." The worker did not know why or how she fell but did remember hitting the floor and having pain.

At the hearing seven months later, the worker testified that after retrieving the hair color she

> was trying to hold onto the handrail, which is like a two by four, and it's too large for my hand to go around so . . . I was crouching when I got . . . close to the bottom [of the stairs] to go around the mess at the bottom to try to avoid it, and I slipped and fell.

She "felt a little slide and that was it. I was on my knees." The worker did not know why she fell. Photographs of the staircase show a wooden staircase, without backs or risers, and a wooden 2x4-inch handrail.

The deputy commissioner found the "injury resulted from an actual risk of the employment, e.g., the requirement that she descend a plain wooden open back staircase without non-slip stair surfaces into a somewhat cluttered work area while carrying a tube of hair color." The deputy commissioner described the stairs as "somewhat unusual [because] they were constructed of wood and had open backs with no risers."

The full commission adopted the deputy's summary of the evidence, which did not include the findings of fact and conclusions of law. The commission held the worker "failed to prove that a condition of the workplace caused her slip and fall" and reversed. One commissioner dissented.

In order for a fall on stairs to be compensable, "the steps must either be defective or a condition of the employment must cause the injury." County of Buchanan School Bd. v. Horton, 35 Va. App. 26, 30, 542 S.E.2d 783, 785 (2001). "A 'critical link' must exist between the

conditions of the workplace and the injury in order for the injury to qualify as 'arising out of' the employment." Pinkerton's Inc. v. Helmes, 242 Va. 378, 380, 410 S.E.2d 646, 647 (1991).

The worker contends the construction of the steps, the size of the handrail, the mess at the bottom of the steps, and the item in her hand formed the critical link between her accident and her employment. However, the worker never testified that the design of the steps caused her fall. She never suggested that the steps were slippery or that clutter at the bottom of the steps distracted her in some way. Nothing in the photographs of the stairs suggests any defect.

In Horton, the worker's heel caught, and she fell as she began to descend stairs. Her evidence did not reveal any defect in the stairs, and this Court reversed the award. The worker failed to prove that a defect in the steps or a condition of the workplace caused her to fall. 35 Va. App. at 30-31, 542 S.E.2d at 785. In this case also, the evidence failed to show a defect in the stairs.

The evidence also failed to show that a condition of employment caused the injury. "Being on the employer's mission has nothing to do with the conditions of the workplace." County of Chesterfield v. Johnson, 237 Va. 180, 185, 376 S.E.2d 73, 76 (1989). Proving a fall at work, even at an unfamiliar location, does not prove a causative danger of the workplace. Southside Training Center v. Shell, 20 Va. App. 199, 203-04, 455 S.E.2d 761, 763 (1995).

In Marion Correctional Treatment Ctr. v. Henderson, 20 Va. App. 477, 480, 458 S.E.2d 301, 303 (1995), the worker, a correctional officer, had to watch a guard tower as he descended stairs. That condition of employment exposed the worker to an increased risk of falling down the stairs. His injury from a fall was compensable because an actual risk of employment contributed to his fall.

In this case, the employer did not require the work to be performed in a manner that increased the risk of falling. The worker descended the steps after retrieving a box of hair color

the size of a small box of toothpaste. The steps were not unusual, the area was well lit, and the item carried did not obstruct the worker's view. The worker used the handrail, though it was large for her hands. She fell before reaching the bottom of the stairs. The clutter at the bottom of the stairs was not located where the worker slipped and fell, and it did not cause the fall. No condition of the workplace increased the risk of injury.

The worker never testified that the clutter at the bottom of the stairs caused her to fall or that crouching to avoid it contributed to her fall. The worker attributed her fall to slipping and consistently stated that she did not know how or why she fell. At the hearing for the first time, she maintained that she was crouching to avoid the mess at the bottom of the stairs. The worker's testimony lacked any detail that suggested a condition of her employment caused her fall. "[W]hen the claimant, who is in a position of being able to explain the occurrence, fails to present evidence which establishes that the injury arose out of the employment the claim for compensation must be denied." Memorial Hosp. v. Hairston, 2 Va. App. 677, 682, 347 S.E.2d 527, 529 (1986).

The record contains credible evidence to support the commission's determination that the worker's injury did not arise out of the employment. When the commission's findings are supported by credible evidence, we will not disturb them on appeal. Celanese Fibers Co. v. Johnson, 229 Va. 117, 121, 326 S.E.2d 687, 690 (1985). Accordingly, we affirm.

Affirmed.

Benton, J., dissenting.

The commission "adopted the deputy commissioner's thorough and accurate summary of the relevant evidence." In addition the commission accepted the deputy commissioner's finding that Smith credibly testified concerning the circumstances surrounding her slip and fall. Thus, the commission acknowledged accepting as credible the following evidence:

> The deputy commissioner . . . noted that [Smith] credibly testified that she was avoiding the items at the bottom of the stairs, while holding the hair product, when she fell. . . . [W]e do not overrule the deputy commissioner's credibility determinations . . . .

The commission also noted that Smith testified that when she fell "she was 'crouching' at the bottom of the stairs to avoid a 'mess' of items located there." Her precise testimony is as follows:

> Q. Okay. Can you describe for me what happened when you went to that supply cabinet at the top of the stairs on May 18, 2002.
>
> A. I went upstairs to get some hair color. On my way back down the stairs I had the color in my---a tube of hair color in my left hand, and I was trying to hold onto the handrail, which is like a two by four, and it's too large for my hand to go around so I was crouching to the right trying to get down the stairs, and I was crouching when I got to the bottom of the stairs, close to the bottom, to go around the mess at the bottom to try to avoid it, and I slipped and I fell.
>
> Q. Okay. Can you describe the surface of the stairs for me.
>
> A. There's wooden stairs, no rubber mats or skidproof mats on it.
>
> Q. Okay. Do you know why you fell?
>
> A. No, I have no idea.
>
> Q. Your feet just slipped out from under you?
>
> A. Yes, I felt a little slide, and that was it. I was on my knees.

In response to further questions, Smith explained that she was not in the middle of the stairs but off to the side "crouching to the right to get ready to make [her] turn" and "trying to avoid the

mess at the bottom of the stairs." After Smith's fall, her employer installed "skid mats on the stairs."

We have a well established test for determining when an injury arises out of employment.

> [A]n injury "arises 'out of' the employment, when there is apparent to the rational mind upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. Under this test, if the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises 'out of' the employment. But it excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workmen would have been equally exposed apart from the employment. The causative danger must be peculiar to the work and not common to the neighborhood. It must be incidental to the character of the business and not independent of the relation of master and servant. It need not have been foreseen or or expected, but after the event it must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence."

Bradshaw v. Aronovitch, 170 Va. 329, 335, 196 S.E. 684, 686 (1938) (citation omitted).

In simple terms, Smith testified that she slipped on a step while turning her body so as to maneuver around a "mess" that she had to pass close to the bottom step. In trying to avoid the mess, she "slipped" on the steps and could not hold onto the handrail, which was like a "two by four." She added: "If you take a hand the size of mine, it will not hold onto that rail secure enough . . . [to] have helped . . . from falling." This testimony by Smith, that the commission adopts as being credible, provided the critical link between the workplace and the injury. Yet, the commission ruled that, although Smith's testimony was credible, she failed to prove a condition of the workplace because she did not know what caused her to slip. I believe that the commission's reasoning and conclusion are faulty.

- 6 -

In <u>Reserve Life Ins. Co. v. Hosey</u>, 208 Va. 568, 159 S.E.2d 633 (1968), the Supreme

Court held the following evidence proved an injury that arose out of employment:

> [I]n the course of her employment by defendant, Mrs. Hosey was making a door-to-door survey . . . to find out whether the people were interested in hospital insurance. She was going up the steps to one of the homes and when she made the final step, she said, "it was just like my knee had caught and then it just snapped just like a bone had broken in it" and she felt a sharp, severe pain. These were rock steps that she was ascending, on the corner of a street and "they were just a little bit higher than usual for a step."
>
> This was around 4 p.m. on a very hot day and she had nothing in her hand except some papers as she went up the steps. She did not know, she said, what caused her knee to twist or turn "because it had never happened before." She had worked at all kinds of jobs, "and I have never had nothing like that happen at any other time." She reported the matter that evening to defendant's branch supervisor, who later filled out an accident report.

<u>Id.</u> at 568, 159 S.E.2d at 634.

Unlike <u>Hosey</u>, who did not slip, trip, or stumble, Smith did and she credibly testified

about the workplace hazard that caused her to slip and fall. When, as in <u>Hosey</u>, the evidence

proves a hazard of the workplace causes or contributes to the accident, the employee is not

required to prove the mechanics of what caused the resulting injury. 208 Va. at 569, 159 S.E.2d

at 636. Smith was not required to provide testimony about the coefficient of friction between her

foot and the step. Her credible testimony established that the bare wood step had "no rubber

mats or skidproof mats on it" and that she could not properly grip the handrail, "which is like a

two by four, and . . . too large for [her] hand to go around." These conditions caused instability

as she looked to avoid the mess at the bottom of the steps while descending the final steps. The

evidence of causation and its link to the workplace is far greater in this case than in <u>Hosey</u>.

This is not a case where a knee or some other body part "gave way" causing the fall. <u>See</u>

<u>County of Chesterfield v. Johnson</u>, 237 Va. 180, 182, 376 S.E.2d 73, 75 (1989). Nor is it a case

of an "unexplained fall." <u>See</u> <u>e.g.</u>, <u>PYA/Monarch & Reliance Ins. Co. v. Harris</u>, 22 Va. App.

215, 223, 468 S.E.2d 688, 691 (1996).  Instead, the evidence proved a hazard of the workplace caused Smith to move in a way that resulted in her slipping and falling, while unable to grasp the rail, causing the injury.

We have held that when an employee is required to pay attention to a job responsibility rather than the steps, and slips and falls as a result, then the resulting injury is compensable.  See Marion Correctional Treatment Ctr. v. Henderson, 20 Va. App. 477, 480-81, 458 S.E.2d 301, 303 (1995).  In Henderson, the employee testified as follows:

> I'd just got through acknowledging the tower officer in tower two, which is to the left of the steps, and I started down the steps and I was looking at tower one to see if the officer there was seeing me coming.  And, I went to put my right foot down on I think it's the third or fourth step, which it's in the report but I can't remember which one it was.  My heel slid off the steps, I had onto the rail, and I put all the weight on the left knee when I did.  I didn't actually fall, but when my foot slipped down to the next step on the right foot all my weight to my left knee and when I went something popped in my knee.

Id. at 479, 458 S.E.2d at 302.

We held that Henderson was entitled to an award of medical benefits because he had to pay attention to a watch tower while descending a stairway, and slipped as a result.  "[B]ecause Henderson's job responsibilities caused him to watch the tower guards rather than the steps, how he performed his job provided the 'critical link' between the conditions of the workplace and the injury, and therefore, Henderson's injury arose out of his employment."  Id.

The parallel in Smith's case is nearly exact.  Smith credibly testified that she was focusing her attention on a workplace hazard rather than the steps, causing her to slip and fall.  The evidence of causation and its link to the workplace is precisely that which existed in Hosey and in Henderson.  Smith was taking special care to avoid the hazard and to position her body to maneuver around it when she slipped.  In addition, her testimony establishes that the handrail was not adequate to support her as she fell and, thus, contributed to her fall.  See Henderson, 20

Va. App. at 480-81, 458 S.E.2d at 303 (holding that "[t]he way in which [the employee] performed this aspect of his job increased his risk of falling on this occasion and directly contributed to cause his fall and injury").

Reversing the commission when its decision arbitrarily dismissed the deputy's credibility findings in Turcios v. Holiday Inn Fair Oaks, 24 Va. App. 509, 515, 483 S.E.2d 502, 504 (1997), we explained that "[t]he record must reflect a reasonable basis for the commission's different conclusion." There was no reasonable basis here. The commission accepted the deputy commissioner's "thorough and accurate summary of the relevant evidence," accepted Smith's credible testimony, and reversed regardless. I would hold that Smith's need to bypass the "mess" at the end of the stairway required her to maneuver and slip, causing the injury. This, the only credible evidence in the record, established that her injury arose out of the employment. Therefore, I dissent.