COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Elder and
          Senior Judge Coleman
Argued at Salem, Virginia


NOTTOWAY CORRECTIONAL CENTER/
 COMMONWEALTH OF VIRGINIA
                                      MEMORANDUM OPINION* BY
v.   Record No. 2193-02-3          JUDGE SAMUEL W. COLEMAN III
                                          MAY 6, 2003
MINNIE ROWLAND BRADNER


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          Scott John Fitzgerald, Assistant Attorney
          General (Jerry W. Kilgore, Attorney General;
          Judith Williams Jagdmann, Deputy Attorney
          General; Edward M. Macon, Senior Assistant
          Attorney General, on brief), for appellant.

          No brief or argument for appellee.


     Nottoway Correctional Center/Commonwealth of Virginia

(employer) appeals a decision of the Workers' Compensation

Commission awarding compensation benefits to Minnie Rowland

Bradner (claimant).  Employer contends the commission erred in

finding that claimant proved she sustained an injury by accident

arising out of her employment on March 5, 2000.  Finding no

error, we affirm.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  <u>R.G. Moore Bldg. Corp. v.</u>

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

"Whether an injury arises out of the employment is a mixed question of law and fact and is reviewable by the appellate court." Plumb Rite Plumbing Serv. v. Barbour, 8 Va. App. 482, 483, 382 S.E.2d 305, 305 (1989). "The phrase arising 'out of' refers to the origin or cause of the injury." County of Chesterfield v. Johnson, 237 Va. 180, 183, 376 S.E.2d 73, 74 (1989). An injury arises out of the employment:

> when there is apparent to the rational mind
> upon consideration of all the circumstances,
> a causal connection between the conditions
> under which the work is required to be
> performed and the resulting injury. Under
> this test, if the injury can be seen to have
> followed as a natural incident of the work
> and to have been contemplated by a
> reasonable person familiar with the whole
> situation as a result of the exposure
> occasioned by the nature of the employment,
> then it arises "out of" the employment. But
> . . . [t]he causative danger must be
> peculiar to the work and not common to the
> neighborhood. . . . [I]t must appear to have
> had its origin in a risk connected with the
> employment, and to have flowed from that
> source as a rational consequence.

Baggett & Meador Cos. v. Dillon, 219 Va. 633, 637-38, 248 S.E.2d 819, 822 (1978). To prevail, claimant must prove by a preponderance of the evidence "that the conditions of the workplace or that some significant work related exertion caused the injury." Plumb Rite, 8 Va. App. at 484, 382 S.E.2d at 306.

In ruling that claimant met her burden of proof, the commission found as follows:

- 2 -

> [T]he claimant has consistently stated that the iron grids on the stairs caught her shoe and caused her to fall. Since she testified that the grids covered the stairs and that even the landing of the particular stairs she used had holes in it, we do not find it fatal to her claim that she could not identify the particular step on which she tripped. The evidence clearly reflects that the claimant tripped as a result of her shoe getting caught on the stair grid work. The iron grid work on the stairs constituted a workplace condition that either caused or contributed to her fall.

The commission considered all of the evidence and concluded that the nature of the steps, which the claimant described as iron "grid work" or "little slot things . . . the little grate" that "the toe of [her] left shoe caught in the slot," was the condition of the workplace that caused the fall.

The fact that claimant may have been uncertain as to which stair caused her to fall or stated on other occasions she was "uncertain as to how or why she tripped or stumbled" on the stairs, does not render her testimony incredible, as a matter of law. Claimant's testimony constitutes credible evidence to support the commission's factual findings. Based upon those findings, the commission could reasonably infer that the iron grid work on the stairs caused or contributed to claimant's fall, regardless of the fact that she could not identify the specific step that caused her fall. "Where reasonable inferences may be drawn from the evidence in support of the commission's factual findings, they will not be disturbed by

this Court on appeal." Hawks v. Henrico County Sch. Bd., 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988).

While the evidence supports the commission's finding that the nature or configuration of the stairs caused claimant's fall, the dispositive question is whether the nature or inherent characteristics of the stairs is a condition peculiar to the workplace. Was the nature or condition of the stairs a "causative danger . . . peculiar to [her] work and not common to the neighborhood[?]" R & T Investments v. Johns, Ltd., 228 Va. 249, 253, 321 S.E.2d 287, 298 (1984). Clearly, if steps are defective or hazardous and cause an injury in the workplace, the injury arises out of the employment. But, aside from being defective or hazardous, if the nature, condition or configuration of the steps are "peculiar" to the work environment and "not common to the neighborhood," then a causative relationship exists between the injury and a "condition peculiar to the workplace."

Employer relies upon Southside Va. Training Ctr. v. Shell, 20 Va. App. 199, 455 S.E.2d 761 (1995), and County of Buchanan Sch. Bd. v. Horton, 35 Va. App. 26, 542 S.E.2d 783 (2001), to support its argument that the stairs were not a "condition peculiar to the workplace." We find those cases are distinguishable from this case. In Shell, unlike this case, the evidence showed nothing unusual about the steps or that they were defective or were peculiar to the workplace. The Court in

- 4 -

_Shell_ focused upon whether the steps were higher than normal or had varying surfaces and found no evidence to support either finding. _Shell_, 20 Va. App. at 202, 455 S.E.2d at 762. In _Horton_, the photographs of the edge view of the steps, submitted by employer, showed the riser and step as being flush. Thus, the Court in _Horton_ found no evidence to support a finding that the steps were defective or hazardous. _Horton_, 35 Va. App. at 29, 542 S.E.2d at 784. Thus, in both _Shell_ and _Horton_, no evidence proved that a defective or hazardous condition existed to have caused the claimants' falls. Furthermore, the evidence in those cases did not prove that either the nature, condition or configuration of those steps were particular to or peculiar to the workplace.

Here, on the other hand, the evidence proved that the iron steps were a grid type construction, "little slot things . . . little grate . . . little holes in those steps." The claimant testified and the commission found that the toe of her shoe caught on the "stair grid work" causing the fall. The commission was justified in finding that the nature or configuration of the step was peculiar to the workplace at the Nottoway Correctional Center and, thus, the cause of the injury arose out of her employment. The condition or configuration of this type of stairway is common to a workplace environment but an iron grate or grid stairway is not a "risk" "common to the neighborhood" to which we are exposed.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>