COURT OF APPEALS OF VIRGINIA


Present:    Chief Judge Felton, Judges Frank and Powell
Argued at Richmond, Virginia


GREEN HAND NURSERY, INC. AND
   FLORISTS MUTUAL INSURANCE COMPANY
                                                            OPINION BY
v.        Record No. 0375-09-1                  JUDGE ROBERT P. FRANK
                                                        NOVEMBER 10, 2009
BETSY A. LOVELESS


           FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              Ralph L. Whitt, Jr. (Brandon R. Jordan; Whitt & Del Bueno, PC, on
              briefs), for appellants.

              Rhett B. Franklin (Franklin & Franklin, P.C., on brief), for appellee.


       Green Hand Nursery, Inc. and Florists Mutual Insurance Company (employer),

appellants, appeal the decision of the Workers' Compensation Commission (commission)

awarding temporary partial benefits and lifetime medical benefits to Betsy A. Loveless

(claimant).  Employer contends the commission erred in concluding her injury arose out of the

course of employment.[1]  For the reasons stated, we affirm.

                                        BACKGROUND

       "On appeal, we view the evidence in the light most favorable to the prevailing party

before the commission."  Central Va. Obstetrics & Gynecology Assocs., P.C. v. Whitfield, 42

Va. App. 264, 269, 590 S.E.2d 631, 634 (2004).  So viewed, the evidence was as follows.

       On July 19, 2006, at approximately 2:00 p.m., claimant was working for employer as an

assistant manager at a nursery garden shop.  Her duties included "shutting off sprinklers, taking

_____

       [1] Employer raises eight questions presented but each addresses specific aspects of an
analysis of whether an injury arose out of the course of employment.

care of all the plants and which would be watering and weeding and moving, lifting." The nursery fronted on Route 17, in Gloucester County, Virginia, which has a posted fifty-five mile-per-hour speed limit. Facing the highway, claimant was manually shutting off the last of a series of sprinklers located twenty-seven feet from Route 17. She testified that task "occupied" her attention. She heard screeching tires, which caused her to look up from the sprinklers. She saw a vehicle "flying off" the highway, headed in her direction. She attempted to run to a tree line for safety but was struck by the vehicle only a foot from the trees. The vehicle went through a ditch, then ran parallel to Route 17, took down an advertisement banner, plowed through hundreds of bedding plants, struck claimant, and continued beyond where claimant fell. "Maybe ten seconds" elapsed from the time she first saw the vehicle until she was struck. A co-owner at the nursery testified the vehicle traveled approximately 150 feet from the roadway until it struck claimant.

Claimant testified that as she ran, she was "trying to avoid as many obstacles" as she could. There were potted plants on the ground, and she had been standing on slippery, wet "weed mats." She testified the potted plants prevented her from retreating in a straight path toward the trees. She had to jump a ditch, taking a less direct route.

The area in which the sprinklers were located was part of the display section open to the nursery's customers who could walk among the plants.

Claimant's co-worker testified there had been accidents on the property in March 2003, July 2004, and September 2005, all involving vehicles leaving Route 17 and causing damage to the nursery property. In 2006 there were four similar accidents.

The deputy commissioner ruled that claimant's injury arose out of her employment and awarded temporary total disability benefits. The full commission affirmed the deputy, concluding:

Here, there are a combination of factors which, taken as a whole, indicate the accident arose out of the employment. The claimant's work required her to be near a busy highway, where four vehicles had run into the employer's property in 2006. She was bent over a sprinkler head directing her attention away from the highway and to her work at hand. She did not look up until she heard the screeching of the tires. By that time, the vehicle had already left the paved portion of the highway and was skidding toward her through the grass. She attempted to run to a position of safety, but she was impeded by the wet, slick, vinyl weed mat and the pots of plants that surrounded her. We find that those conditions are not conditions to which the general public is exposed. That area of the highway did not have a sidewalk or area where the public could legitimately be present. The general public would not have been focused toward a sprinkler head in the ground. She was surrounded by obstacles that slowed her ability to run to the tree line for safety. We find that the combination of circumstances leading to this claimant's injury establish that the accident arose out of her employment.

This appeal follows.

ANALYSIS

On appeal, employer contends claimant's injury did not arise out of a risk of claimant's employment because the general public was exposed to the same risk. Employer also argues the commission applied the "positional risk" doctrine, long rejected by the appellate courts of the Commonwealth. Lastly, employer challenges certain factual findings and inferences drawn by the commission.

I. Standard of Review

The commission's decision that an accident arises out of the employment is a mixed question of law and fact and is therefore reviewable on appeal. City of Waynesboro v. Griffin, 51 Va. App. 308, 312, 657 S.E.2d 782, 784 (2008). By statute, the commission's factual findings are conclusive and binding on this Court when those findings are based on credible evidence. Id.; Code § 65.2-706. Moreover, the existence of "contrary evidence . . . in the record

- 3 -

is of no consequence if credible evidence supports the commission's finding." Manassas Ice &

Fuel Co. v. Farrar, 13 Va. App. 227, 229, 409 S.E.2d 824, 826 (1991).

Instead, "we are bound by these findings of fact as long as 'there was credible evidence

presented such that a reasonable mind *could* conclude that the fact in issue was proved.'" Perry

v. Delisle, 46 Va. App. 57, 67, 615 S.E.2d 492, 497 (2005) (quoting Westmoreland Coal Co. v.

Campbell, 7 Va. App. 217, 222, 372 S.E.2d 411, 415 (1988)) (emphasis in original). "The

commission, like any other fact finder, may consider both direct and circumstantial evidence in

its disposition of a claim. Thus, the commission may properly consider all factual evidence,

from whatever source, . . . whether or not a condition of the workplace caused the injury." VFP,

Inc. v. Shepherd, 39 Va. App. 289, 293, 572 S.E.2d 510, 512 (2002).

Under the Workers' Compensation Act, an employee must prove by a preponderance of

the evidence that his injury arose "out of and in the course of [his] employment" to qualify for

compensation benefits. Code § 65.2-101; see also Marketing Profiles v. Hill, 17 Va. App. 431,

433, 437 S.E.2d 727, 729 (1993) (*en banc*).

## II. Actual Risk Test

Virginia employs the "actual risk" test to determine whether an injury "arises out of" the

employment.

> "Under this test, if the injury can be seen to have followed as a
> natural incident of the work and to have been contemplated by a
> reasonable person familiar with the whole situation as a result of
> the exposure occasioned by the nature of the employment, then it
> arises "out of" the employment. But it excludes an injury which
> cannot fairly be traced to the employment as a contributing
> proximate cause and which comes from a hazard to which the
> workman would have been equally exposed apart from the
> employment. The causative danger must be peculiar to the work
> and not common to the neighborhood. It must be incidental to the
> character of the business and not independent of the relation of
> master and servant. It need not have been foreseen or expected,
> but after the event it must appear to have had its origin in a risk
> connected with the employment, and to have flowed from that

- 4 -

source as a rational consequence. Bradshaw v. Aronovitch, 170 Va. 329, 335, 196 S.E. 684, 686 (1938), quoting In re McNicol, 215 Mass. 497, 499, 102 N.E. 697, 697 (1913).

Baggett & Meador Cos. v. Dillon, 219 Va. 633, 638, 248 S.E.2d 819, 822 (1978).

Thus, our inquiry is whether the origin of claimant's injury resulted from a peculiar condition related to her employment. Did claimant prove the necessary causation between her injury and her employment? The commission found she did. We agree.

We first must note that being struck by a vehicle on the work premises alone does not establish the required causation. County of Chesterfield v. Johnson, 237 Va. 180, 185, 376 S.E.2d 73, 75 (1989). But contrary to employer's argument, there were additional circumstances.

The commission factually found that claimant, in shutting off the sprinkler, was distracted from the vehicle speeding toward her. She did not look up until she heard screeching tires. The commission further concluded that her escape to safety was impeded by the slippery weed mats and the potted plants that surrounded her. Employer contends that the commission could only speculate that claimant could have avoided injury if given more time to escape. However, claimant testified she was within one foot of the safety of the trees when struck. The commission could properly infer from these facts that, but for her job duties and the physical obstacles confronting her, she could have avoided injury.

> The commission is authorized to draw reasonable inferences from the evidence, and on appeal, we will not disturb reasonable inferences drawn by the commission from the facts proven by the evidence presented. Furthermore, "'[t]he commission, like any other fact finder, may consider both direct and circumstantial evidence in its disposition of a claim. Thus, the commission may properly consider all factual evidence, from whatever source, in its decision whether or not a condition of the workplace caused the injury.'" [Basement Waterproofing v.] Beland, 43 Va. App. [352,] 358, 597 S.E.2d [286,] 289 [(2008]] (quoting VFP, Inc. v. Shepherd, 39 Va. App. 289, 293, 572 S.E.2d 510, 512 (2003)).

- 5 -

Turf Care, Inc. v. Henson, 51 Va. App. 318, 324-25, 657 S.E.2d 787, 789-90 (2008) (other citations omitted).

Our decision in Marion Correctional Treatment Center v. Henderson, 20 Va. App. 477, 458 S.E.2d 301 (1995), is instructive. Henderson, an officer at the correctional center, fell down the stairs while looking at a guard tower to insure the guards were alert. Id. at 479, 458 S.E.2d at 302. This Court found Henderson's injury arose out of the course of employment, concluding that Henderson's observation of the guard tower was one of his security functions of his employment. Id. at 480-81, 458 S.E.2d at 303. This particular function increased his risk of falling on the steps. Id. at 481, 458 S.E.2d at 303.

In the instant case, claimant's performance of her job, like Henderson's, increased the risk of injury by diverting attention from the danger of the approaching vehicle.

We summarily reject employer's contention that the commission employed the "positional risk" doctrine. Under that doctrine, rejected by the appellate courts of the Commonwealth, simply being injured while at work is sufficient to establish compensability. Johnson, 237 Va. at 185, 376 S.E.2d at 75. For the reasons stated above, the commission clearly applied the "actual risk test."

### III. Risk Common to Neighborhood/Exposure of General Public

Employer argues that because the injury occurred where customers would be present, a customer's attention would also be diverted by looking at the various plants. Therefore, reasons employer, since customers might also face the same obstacles confronted by claimant, the injury did not arise out of the course of employment.

This argument is grounded in the proposition that, "'[t]he causative danger must be peculiar to the work and not common to the neighborhood.'" Beland, 43 Va. App. at 357, 597

- 6 -

S.E.2d at 288 (quoting Central State Hospital v. Wiggers, 230 Va. 157, 159, 335 S.E.2d 257, 259 (1985)).

However, the fact that the general public may be exposed to the same risk is not dispositive in the analysis of whether the injury arose out of the employment.  See R & T Investments v. Johns, 228 Va. 249, 253, 321 S.E.2d 287, 289 (1984) ("The mere fact that the hazard [the robbery of an employee making a company deposit at a bank] is one to which the general public likewise is exposed is not however, conclusive against the existence of such causal relationship.").  Virginia has adopted the "actual risk test," which requires only that the employment expose the workman to the particular danger from which he was injured, notwithstanding the exposure of the public generally to like risks.  Lucas v. Lucas, 212 Va. 561, 563, 186 S.E.2d 63, 64 (1972) (citing Immer & Co. v. Brosnahan, 207 Va. 720, 725, 152 S.E.2d 254, 257 (1967)).

The fallacy of employer's argument is underscored in Brosnahan.  There, employer contended that claimant's injury he sustained in a traffic accident that occurred while claimant was en route from his place of employment to a doctor's office did not arise out of his employment.  207 Va. at 725, 152 S.E.2d at 257.  Specifically, employer argued that the general public was exposed to the same hazard as was claimant.  Id.  Employer cited Conner v. Bragg, 203 Va. 204, 123 S.E.2d 393 (1962), for the proposition that "'[t]he causative danger must be peculiar to the work and not common to the neighborhood.'"  Brosnahan, 207 Va. at 726, 152 S.E.2d at 258.  The Supreme Court pointed out that this statement was "read out of context [from] the rest of the opinion."  Id.  The Court concluded, "In the same paragraph in which the statement is found, it is recognized that an injury is compensable if it appears 'to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence.'"  Id. (quoting Bragg, 203 Va. at 209, 123 S.E.2d at 397).

Here, as in <u>Brosnahan</u>, the underlying premise of employer's argument is taken out of context and does not reflect the correct law.

As demonstrated above, if there is a causal relationship between the injury and claimant's work responsibilities, the risk may indeed be "common to the neighborhood." Put differently, a denial of benefits because the risk is "common to the neighborhood" presupposes the risk is not peculiar to the claimant's work. The former is simply an alternative way of requiring causation between the injury and the claimant's work. If the injury can "fairly be traced to the employment as a contributing proximate cause," it matters not that the danger is common to the neighborhood. <u>See</u> <u>R & T Investments</u>, 228 Va. at 253, 321 S.E.2d at 290 (awarding compensation to claimant who sustained injury when bank was robbed while she was making a deposit for employer); <u>Beland</u>, 43 Va. App. at 360, 597 S.E.2d at 290 (awarding compensation when claimant fell from a ladder); <u>Roberson v. Whetsell</u>, 21 Va. App. 268, 273, 463 S.E.2d 681, 683 (1995) (finding gunshot wound compensable when claimant's job required him to drive by building notorious for its frequent shootings); <u>Grove v. Allied Signal, Inc.</u>, 15 Va. App. 17, 22, 421 S.E.2d 32, 35 (1992) (holding injury compensable when stooping and reaching for a piece of pipe); <u>Hercules, Inc. v. Stump</u>, 2 Va. App. 77, 82, 341 S.E.2d 394, 397 (1986) (finding injury compensable when claimant fell descending an outdoor staircase).

We find the commission did not err in finding that claimant's injury arose out of claimant's employment. To find the commission erred in such a finding, we must find, as a

- 8 -

matter of law, that nothing in claimant's work environment contributed to her injury.  We cannot

do so.  We therefore affirm the decision of the commission.[2]

Affirmed.

---

[2] The commission also concluded the work conditions faced by claimant "are not conditions to which the general public is exposed."  Assuming, without deciding, there is no credible evidence to support these findings, an error would be harmless, because of our analysis in Part III of this opinion.  See generally Lavinder v. Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (*en banc*) ("An error does not affect a verdict if a reviewing court can conclude, without usurping the [fact finder's] fact finding function, that, had the error not occurred, the verdict would have been the same.").