COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, McClanahan and Beales
Argued at Lexington, Virginia


SEARS ROEBUCK & COMPANY AND
 INDEMNITY INSURANCE COMPANY
 OF NORTH AMERICA

                                                                MEMORANDUM OPINION* BY
v.      Record No. 2168-10-3                    JUDGE RANDOLPH A. BEALES
                                                                        MAY 10, 2011

BRIAN MARTIN


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        Angela F. Gibbs (Lorraine B. D'Angelo; Midkiff, Muncie & Ross,
        P.C., on brief), for appellants.

        Charles M. Aaron for appellee.


        Sears Roebuck & Company (Sears) and its insurer appeal the decision of the Workers'

Compensation Commission (the commission) finding that Brian Martin, the claimant, suffered a

compensable injury by accident and was entitled to temporary total disability benefits from

August 8, 2009, through November 23, 2009.  On appeal, Sears argues that Martin's injury did

not arise out of his employment, as required by Code § 65.2-101.  For the following reasons, we

affirm the commission's decision.

                                        I.  BACKGROUND

        Martin was employed in the Sears packaging pick-up and receiving department.  His

employment at Sears required him to load heavy merchandise (such as lawn mowers,

refrigerators, stoves, dryers, and televisions) into customers' vehicles between ten and thirty

times every day.  Describing this process, Martin testified that the customer would present a

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

merchandise receipt to him in a small lobby called the pick-up area. After scanning the receipt into a computer in the pick-up lobby, Martin would retrieve the merchandise from the stock room, which was located behind the pick-up lobby. After retrieving the merchandise, Martin would assist the customer with positioning the vehicle in the loading area outside the pick-up lobby, using hand signals to help customers back up to the seven-inch curb that was approximately ten feet from the entrance to the lobby. Sometimes he would signal customers from inside the pick-up lobby through its glass front, and sometimes he would signal from the sidewalk that ran between the curb and the entrance to the lobby. After a customer parked in that area, Martin then would load the merchandise in the customer's vehicle.

On August 8, 2009, Martin retrieved a customer's 46-inch television from the stock room, placed the television on a hand truck, took the television to the pick-up lobby, and began signaling to the customer through the window – from about five feet inside the lobby. The customer backed his Ford Explorer to the curb, but then continued backing his vehicle over the curb and onto the sidewalk. The Explorer then proceeded in reverse through the entrance to the pick-up lobby – striking Martin and another employee who was standing next to him. Martin testified at the hearing before the deputy commissioner that "it all happened so fast I didn't have time to move out of the way."

The force of the impact knocked Martin back into the store's stock room, rendering him unconscious for about twenty minutes. Martin suffered injuries to his left shoulder and arm, left knee, back, neck, and middle finger.

Martin filed a claim in the commission seeking temporary total disability benefits. Sears asserted that Martin's injuries were not compensable under Code § 65.2-101 because his injuries did not arise out of his employment.

Martin testified at the evidentiary hearing that he had seen vehicles back onto the curb before. He had also seen "a few" vehicles hit lawn mowers that were displayed on the sidewalk outside of the entrance to the pick-up lobby. Victoria Bowling, a Sears human relations manager, testified at the hearing that she knew of one prior incident in which a customer's vehicle had struck a lawn mower on the sidewalk.

The deputy commissioner found that the risk of being hit by a customer's vehicle "was substantially increased" by Martin's work environment, which required him to "work in close proximity to vehicles being backed up" and to "transport heavy merchandise." Thus, the deputy commissioner found that Martin's injuries arose out of his employment and, therefore, were compensable.

On review, the full commission unanimously affirmed the deputy commissioner's finding of compensability. The commission found that there were "a combination of factors involved in this case which, taken as a whole, show the accident arose out of the claimant's employment."[1]

II. ANALYSIS

A. Standard of Review

On appeal, Sears argues that Martin failed to satisfy his burden to prove that his injuries arose out of his employment, as required by the Workers' Compensation Act. See Code § 65.2-101 (providing that compensable injuries must be "by accident arising out of and in the course of the employment"); see also Marketing Profiles v. Hill, 17 Va. App. 431, 433, 437 S.E.2d 727, 729 (1993) (en banc) (noting that the claimant must prove compensability by a

---

[1] Unlike the deputy commissioner, the full commission found that it was "unclear" whether the hand truck hindered Martin's ability to avoid the Explorer, given Martin's equivocal testimony that he "may" have been able to move out of the way had he not been holding the hand truck.

- 3 -

preponderance of the evidence).  This issue presents a mixed question of law and fact.  City of Waynesboro v. Griffin, 51 Va. App. 308, 312, 657 S.E.2d 782, 784 (2008).

"The mere fact that an employee was injured at work is not enough to show that his injury arose out of his employment."  Id. at 313, 657 S.E.2d at 784; see County of Chesterfield v. Johnson, 237 Va. 180, 185, 376 S.E.2d 73, 76 (1989).  Thus, for an injury to be compensable, a claimant must establish "a causal connection between the claimant's injury and the conditions under which the employer requires the work to be performed."  R.T. Investments v. Johns, 228 Va. 249, 252, 321 S.E.2d 287, 289 (1984).

On appeal, this Court reviews the facts in the light most favorable to the party who prevailed before the commission.  Apple Constr. Corp. v. Sexton, 44 Va. App. 458, 460, 605 S.E.2d 351, 352 (2004).  "[W]e must defer to the commission's findings of fact if supported by credible evidence in the record."  Diaz v. Wilderness Resort Ass'n, 56 Va. App. 104, 114, 691 S.E.2d 517, 522 (2010); see Code § 65.2-706.  "'In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses.'"  Pruden v. Plasser Am. Corp., 45 Va. App. 566, 574-75, 612 S.E.2d 738, 742 (2005) (quoting Wagner Enters. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991)).

### B.  "Actual Risk" Test

The Virginia appellate courts apply "the 'actual risk' test" to determine if an injury arises out of employment.  Simms v. Ruby Tuesday, Inc., 281 Va. 114, 122, 704 S.E.2d 359, 363 (2011).  "Under the actual risk test, an injury comes within the Act 'only if there is a causal connection between the employee's injury and the conditions under which the employer requires the work to be done.'"  Id. (quoting Hilton v. Martin, 275 Va. 176, 180, 654 S.E.2d 572, 574 (2008)).  Thus, "[i]n considering the 'arising out of' prong" of Code § 65.2-101, Virginia

appellate courts "do not apply the 'positional risk' test, whereby simply sustaining an injury at work is sufficient to establish compensability." Hilton, 275 Va. at 180, 654 S.E.2d at 574.

> "Under [the 'actual risk'] test, if the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises 'out of' the employment. But [the applicable test] excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workmen would have been equally exposed apart from the employment. The causative danger must be peculiar to the work and not common to the neighborhood. It must be incidental to the character of the business and not independent of the relation of master and servant. It need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence."

Simms, 281 Va. at 122-23, 704 S.E.2d at 363 (quoting Bradshaw v. Aronovitch, 170 Va. 329, 335, 196 S.E. 684, 686 (1938)).

### C. Green Hand Nursery, Inc. v. Loveless

On appeal, Sears relies primarily on this Court's opinion in Green Hand Nursery, Inc. v. Loveless, 55 Va. App. 134, 684 S.E.2d 818 (2009). In both Loveless and in this case, a vehicle struck a claimant while the claimant was at work. Although this Court affirmed the commission's finding that Loveless's injury arose out of her employment under the "actual risk" test, Sears argues that this finding in Loveless was supported by circumstances that are not present here.

In Loveless, this Court held that "being struck by a vehicle on the work premises alone does not establish the required causation" to prevail under the "actual risk" test. Id. at 142, 684 S.E.2d at 822. To prove that her injury arose out of her employment, Loveless was required to demonstrate that the origin of her injury "resulted from a peculiar condition related to her employment." Id. The commission found that Loveless satisfied this burden by proving that she

was distracted by her employment at the time of the accident and that her attempt to evade the vehicle that ultimately struck her was impeded by some workplace materials.[2]  Thus, this Court held in Loveless that the commission "could properly infer from these facts that, but for her job duties and the physical obstacles confronting her, she could have avoided injury."  Id.

Unlike in Loveless, the commission here found that there was "no element of distraction" in this case and that it was "unclear" whether Martin would have been able to avoid the Explorer if he had not been holding the hand truck at the time of the accident.  However, this Court certainly did not hold in Loveless that, to prove a compensable injury when hit by a vehicle in the course of employment, a claimant *must* prove that his workplace duties distracted him and that workplace materials impeded his path to safety.  Those specific facts were simply the particular circumstances that established the required causal connection between the employment and the claimant's injury in Loveless – and are not the elements of a legal test to apply in all cases.  Instead, the proper legal test requires that Martin prove that his injuries can "fairly be traced to the employment as a contributing proximate cause," Bradshaw, 170 Va. at 335, 196 S.E. at 686, viewing the evidence in the light most favorable to Martin, as the prevailing party in the commission, Sexton, 44 Va. App. at 460, 605 S.E.2d at 352.

D.  Causal Connection Between Employment and Injury

Here, the commission found that Martin proved "the necessary causation" between the conditions of his employment injury and his workplace injuries.  Loveless, 55 Va. App. at 142,

---

[2] In Loveless, the claimant was an assistant manager for a plant nursery that abutted a highway.  As part of her duties, Loveless was required to shut off the sprinklers that were located about twenty-seven feet from the highway.  Loveless's attention was fully "occupied" by this task until she heard the screeching of tires.  She saw a vehicle "flying" off the highway and heading in her direction.  Loveless began running toward a tree line, but was hindered by some potted plants and slippery "weed mats."  The vehicle struck Loveless about 150 feet away from the roadway – about a foot away from the tree line.  Loveless, 55 Va. App. at 138-40, 684 S.E.2d at 820-21.

684 S.E.2d at 822. Among the "combination of factors involved in this case which, taken as a whole, show the accident arose out of the claimant's employment," the commission found:

> [T]he claimant's employment duties in this case required him to continually work in an area designated for the loading of vehicles. On some days the claimant loaded over 30 customer vehicles. Although the lobby area was not intended to be a path for traffic, this area was used for merchandise pick-up and was in close proximity to where vehicles were routinely operating in reverse and had, on prior occasions, run over the curb or struck lawn mowers located in front of this area. The vehicle which struck the claimant was in the process of getting into a position for the claimant to load the television set into it.

The commission's "determination regarding causation is a finding of fact," Farmington Country Club v. Marshall, 47 Va. App. 15, 26, 622 S.E.2d 233, 239 (2005), which is binding on this Court if supported by credible evidence in the record below, see Wagner Enters., 12 Va. App. at 894, 407 S.E.2d at 35. Moreover, on appeal, this Court will not disturb any "reasonable inferences" drawn by the commission (as the factfinder) "from the facts proven by the evidence presented." Turf Care, Inc. v. Henson, 51 Va. App. 318, 324, 657 S.E.2d 787, 789-90 (2008).

Here, the commission relied on several circumstances to conclude that Martin's injuries arose out of his employment. First, the commission noted that Martin was required to load heavy merchandise in vehicles for as many as 30 customers each work day. Second, the commission noted the specific manner in which the customers' vehicles were positioned for loading, which required Martin to give directions to customers while they backed their cars up to the curbside loading area. On prior occasions, the commission noted, customers' vehicles had driven over the curb and even struck lawn mowers on display near the entrance to the pick-up lobby. Third, the commission noted the close proximity of the curbside loading area and the inside pick-up lobby, where the vehicle struck Martin. Although he was inside the pick-up lobby, Martin was standing no more than fifteen feet from the curb while the customer was backing up his vehicle – giving

- 7 -

Martin very little time to react as the Explorer backed into him and another Sears employee standing next to him (and hitting Martin with such force that it knocked him back into the stock room). Fourth, the commission noted that Martin was struck by *the vehicle of the very same customer* who purchased the 46-inch television that Martin was preparing to load.[3] The combination of all of these circumstances, the commission found, exposed Martin "to a greater risk of being injured in a vehicular accident such as the one that occurred on August 8, 2009."

Given these many circumstances connecting Martin's workplace conditions with the accident that resulted in his injuries, the evidence here certainly established more than simply "an injury which comes from a hazard to which the employee would have been equally exposed apart from the employment." United Parcel Service v. Fetterman, 230 Va. 257, 258-59, 336 S.E.2d 892, 893 (1985). This case, therefore, is unlike Johnson, 237 Va. 185, 376 S.E.2d at 76, where the claimant injured himself simply walking down some stairs, or Fetterman, 230 Va. at 259, 336 S.E.2d at 893, where the claimant injured his back simply bending over to tie his shoe. See also Central State Hospital v. Wiggers, 230 Va. 157, 335 S.E.2d 257 (1985) (claimant simply twisted an ankle while getting up to answer phone); Richmond Mem. Hosp. v. Crane, 222 Va. 283, 278 S.E.2d 877 (1981) (claimant simply injured a foot while walking on clean, level floor).

Thus, as in Loveless, credible evidence supports the commission's finding of several circumstances connecting the claimant's employment to the claimant's workplace injuries – *in addition* to the fact that a vehicle struck Martin while he was at work. Loveless, 55 Va. App. at

---

[3] The fact that Martin was struck by the customer's vehicle is a significant difference from the facts in Loveless. There, the driver of the vehicle that veered from the highway and ultimately struck Loveless was not a customer of the nursery and had no connection with Loveless's workplace at the time of the accident. See Loveless, 55 Va. App. at 138-39, 684 S.E.2d at 820-21.

142, 684 S.E.2d at 822. Accordingly, the commission did not err in finding that Martin's injuries arose out of his employment under Code § 65.2-101.

### III. CONCLUSION

The record here supports the commission's finding that Martin's workplace injuries arose out of his employment with Sears. See Code § 65.2-101. Accordingly, for the foregoing reasons, we affirm the commission's award of temporary total disability benefits from August 8, 2009 through November 23, 2009.

<u>Affirmed.</u>