COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Beales and Powell
Argued by teleconference


DANNY WOODROW WILSON

MEMORANDUM OPINION[*] BY
v.        Record No. 1719-10-2              JUDGE CLEO E. POWELL
                                             MAY 10, 2011

ACE HARDWARE CORPORATION AND
 FIDELITY & GUARANTY INSURANCE COMPANY


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Thomas J. Schilling (Schilling & Esposito, PLLC, on brief), for
            appellant.

            C. Ervin Reid (S. Virginia Bondurant; Goodman, Allen & Filetti,
            PLLC, on brief), for appellees.


       Danny W. Wilson ("Wilson") appeals a decision of the Workers' Compensation

Commission denying him benefits for injuries he sustained as a result of a spider bite he received

while cleaning his work area.  Wilson contends that the commission erred in finding that his injuries

did not arise out of his employment.

                                I.  BACKGROUND

       Wilson was employed by Ace Hardware Corp. ("employer") as a forklift battery

exchanger.  His job required him to exchange, charge, and maintain the batteries for the ninety

(90) forklifts used in employer's warehouse.  Wilson's primary work area was the battery rack

station but he would occasionally need to get parts from metal shelves in a nearby storage area.

Wilson testified that, while he kept the battery rack station "very clean," the metal shelves in the

storage area had several spider webs on them.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On December 15, 2008, Wilson was cleaning under the battery rack station with a whisk broom when he felt something "sting" his right middle finger. Wilson then noticed that his finger was red and reported the incident to his supervisor. The next day Wilson's hand was swollen and "real red." Wilson did not seek medical attention for his hand until December 17, 2008, when he went to the emergency room due to the pain from his hand. He was diagnosed with cellulitis secondary to a spider bite[1] and prescribed antibiotics and painkillers. On a subsequent visit to the hospital, it was determined that the infection in his hand had spread to the rest of his body. As a result, Wilson was hospitalized from December 20, 2008 through December 24, 2008.

On February 18, 2009, Wilson filed a claim seeking wage loss benefits from December 19, 2008 through March 2, 2009 and payment for his medical expenses.

At the hearing before the deputy commissioner, Wilson testified that spiders were a problem at his workplace. He further testified that, in addition to being bitten on December 15, 2008, he was also bitten on August 4, 2009. In the latter incident, Wilson was bitten while getting supplies from the storage area. He was able to capture the spider that bit him, and it was confirmed to be a brown recluse.

Employer presented testimony from William Mack, III, ("Mack") the human resource manager at the site where Wilson worked. Mack testified that he was not aware of any other employees in the maintenance department being bitten by spiders in 2008 or 2009. Mack acknowledged, however, that he had seen spider webs in the facility, but he could not say he had seen any spiders.

---

[1] At a subsequent hospital visit, it was determined that Wilson was bitten by a brown recluse spider.

After hearing the evidence, the deputy commissioner ruled that Wilson failed to satisfy his burden of proving that he was exposed to a greater risk of insect bites than that encountered by the general public, finding that there was no evidence that Wilson was exposed to the risk of insect bites and that nothing in his work environment increased the risk of an insect bite. Wilson appealed to the full commission. The full commission affirmed the decision of the deputy commissioner, finding that the injury did not arise out of his employment because "there was insufficient evidence to prove that [Wilson's] work environment increased his risk of exposure to insects/spiders."

Wilson appeals.

## II. ANALYSIS

Wilson argues that the presence of spider webs in the storage area demonstrated that his workplace was infested with spiders, thereby increasing his risk of being bitten by a spider. We disagree.

Under the Workers' Compensation Act, an injured employee "must prove by a preponderance of the evidence that the injury arose 'out of and in the course of the employment.'" Lucas v. Fed. Express Corp., 41 Va. App. 130, 133, 583 S.E.2d 56, 58 (2003) (quoting Code § 65.2-101). In the present case, it is undisputed that Wilson's injury occurred in the course of his employment. The only issue is whether Wilson proved the spider bite arose out of his employment. "Whether an injury arises out of and in the course of employment involves a mixed question of law and fact, which we review *de novo* on appeal." Blaustein v. Mitre Corp., 36 Va. App. 344, 348, 550 S.E.2d 336, 338 (2001).

In determining whether an injury arises out of the employment, Virginia employs the "actual risk" test.

> Under this test, if the injury can be seen to have followed as a
> natural incident of the work and to have been contemplated by a

reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises "out of" the employment. But it excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workman would have been equally exposed apart from the employment. The causative danger must be peculiar to the work and not common to the neighborhood. It must be incidental to the character of the business and not independent of the relation of master and servant. It need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence.

Green Hand Nursery, Inc. v. Loveless, 55 Va. App. 134, 141-42, 684 S.E.2d 818, 822 (2009) (citations omitted).

Thus, "[t]he mere happening of an accident at the workplace, not caused by any work related risk or significant work related exertion, is not compensable." Plumb Rite Plumbing Serv. v. Barbour, 8 Va. App. 482, 484, 382 S.E.2d 305, 306 (1989). Instead, the claimant "must show that a condition of the workplace either caused or contributed to [the injury]." Southside Virginia Training Ctr. v. Shell, 20 Va. App. 199, 202, 455 S.E.2d 761, 763 (1995). In other words, "[a] 'critical link' must exist between the conditions of the workplace and the injury in order for the injury to qualify as 'arising out of' the employment." Pinkerton's Inc. v. Helmes, 242 Va. 378, 380, 410 S.E.2d 646, 647 (1991).

Here, it is important to note that Wilson was bitten by a spider while he was cleaning under the battery rack station, not while he was in the storage area. Unfortunately for Wilson, nothing in the record indicates the proximity of the battery rack station to the storage area. Indeed, at oral argument, counsel for Wilson seemed to concede as much, stating that "the record was not abundantly developed as to the [work] environment." Throughout his testimony before the deputy commissioner, Wilson described his work environment using vague descriptions like: "*over there* where I keep my station it's very clean . . . . But *over there* [in the storage area] it

- 4 -

does have spider webs and everything over there." (Emphasis added). While the actual distances involved may be readily apparent to the parties, we have no way of knowing whether the battery rack station and the storage area are 5 feet or 50 feet apart. The only definitive information provided about the layout of the work environment is that the storage area is not actually part of the battery rack station. Without any indication as to the propinquity of the "very clean" battery rack station and the spider webs in the storage area, the evidence is insufficient to prove that the spider that bit Wilson resulted from a peculiar condition related to his employment. Thus, we cannot say that Wilson demonstrated the necessary "critical link" between the conditions of the workplace and the spider bite.

## III. CONCLUSION

In the present case, Wilson failed to prove by a preponderance of the evidence that his injury arose out of his employment. As such, the decision of the commission is affirmed.

<u>Affirmed.</u>