COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Humphreys, McCullough and Senior Judge Haley
Argued at Fredericksburg, Virginia


UNITED AIRLINES, INC.
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1169-15-4                  JUDGE STEPHEN R. McCULLOUGH
                                                        MARCH 15, 2016
BRYAN ANDREW TAYLOR


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          Lynn McHale Fitzpatrick (Franklin & Prokopik, P.C., on brief), for
          appellant.

          Kathleen Grace Walsh (Law Office of Kathleen Grace Walsh, on
          brief), for appellee.


        United Airlines challenges the Commission's finding that the claimant's injury arose out

of his employment.  We conclude that the evidence does not support the conclusion that the

claimant's injury arose out of the employment and we, therefore, reverse.

                                        BACKGROUND

        Bryan A. Taylor was employed as a ramp agent for United Airlines.  His job duties

included unloading baggage and cargo from aircraft.  On December 25, 2013, he was unloading

a plane.  He walked up the metal clipper stairs or "jet bridge" with two strollers under his arms.

Taylor estimated that the stroller in his right hand weighed 30 pounds, and was of the type he

lifts eight or nine times per day.  The stroller in his left hand was a small one that weighed about

five pounds.  He did not slip or trip, and he acknowledged that there was no defect with, or

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

debris on, the stairs. Instead, his right knee "popped" as he stepped onto the third stair with his right leg and he fell down the stairs onto his back. His knee then popped back into place.

He was diagnosed with a dislocated patella on his right knee. Taylor had dislocated his right patella twice before, once when he was 16 and once when he was 17. The first time he dislocated his patella, he was playing basketball. The second time, he was helping a friend move a mattress on his head and his friend kicked his leg. At the time of the accident, he was 25 years old.

The deputy commissioner denied benefits, explaining that

> [i]n the absence of any non-speculative attributable causal relationship to his employment, there is no evidence that the reason for the knee popping arose out of his employment. Therefore the claimant has not met his burden of proof, and the claim fails.

The claimant appealed to the full Commission. The Commission reversed, finding that

> [w]e can infer from these facts, as well as the histories contained in the medical records, that the weight and bulk of the stroller, as well as the other lighter stroller under the claimant's other arm, were conditions of the employment that caused or contributed to the claimant's injury.

Commissioner Williams dissented, writing that

> [w]e are not physicians, nor were we present at the time this incident occurred. In cases such as the present one, where no physician has indicated an increased risk of injury, and where the claimant himself does not attribute his injury to a specific increased risk, I believe that a finding that the claimant's injury arose out of his employment amounts to nothing more than speculation.

The employer appeals from that decision.

## ANALYSIS

Under the Workers' Compensation Act, an injured employee "must prove by a preponderance of the evidence that the injury arose 'out of and in the course of the

employment.'" Lucas v. Fed. Express Corp., 41 Va. App. 130, 133, 583 S.E.2d 56, 58 (2003)

(quoting Code § 65.2-101).

In determining whether an injury arises out of the employment, Virginia employs the

"actual risk" test.

> "Under this test, if the injury can be seen to have followed as a
> natural incident of the work and to have been contemplated by a
> reasonable person familiar with the whole situation as a result of
> the exposure occasioned by the nature of the employment, then it
> arises 'out of' the employment. But it excludes an injury which
> cannot fairly be traced to the employment as a contributing
> proximate cause and which comes from a hazard to which the
> workman would have been equally exposed apart from the
> employment. The causative danger must be peculiar to the work
> and not common to the neighborhood. It must be incidental to the
> character of the business and not independent of the relation of
> master and servant. It need not have been foreseen or expected,
> but after the event it must appear to have had its origin in a risk
> connected with the employment, and to have flowed from that
> source as a rational consequence."

Green Hand Nursery, Inc. v. Loveless, 55 Va. App. 134, 141-42, 684 S.E.2d 818, 822 (2009)

(quoting Baggett & Meador Cos. v. Dillon, 219 Va. 633, 638, 248 S.E.2d 819, 822 (1978)).

Thus, "[t]he mere happening of an accident at the workplace, not caused by any work

related risk or significant work related exertion, is not compensable." Plumb Rite Plumbing

Serv. v. Barbour, 8 Va. App. 482, 484, 382 S.E.2d 305, 306 (1989). Instead, the claimant "must

show that a condition of the workplace either caused or contributed to [the injury]." Southside

Virginia Training Ctr./Commonwealth of Virginia v. Shell, 20 Va. App. 199, 202, 455 S.E.2d

761, 763 (1995). In other words, "[a] 'critical link' must exist between the conditions of the

workplace and the injury in order for the injury to qualify as 'arising out of' the employment."

Pinkerton's, Inc. v. Helmes, 242 Va. 378, 380, 410 S.E.2d 646, 647 (1991).

"The commission's decision that an accident arises out of the employment involves a

mixed question of law and fact and is thus reviewable on appeal." Shell, 20 Va. App. at 202, 455

S.E.2d at 763.  Furthermore, "[o]n appeal, we view the evidence in the light most favorable to the . . . prevailing [party]" before the Commission.  Tomes v. James City Fire, 39 Va. App. 424, 429, 573 S.E.2d 312, 315 (2002).

First, there was no defect with respect to the stairs.  Therefore, the line of cases addressing the compensability of a fall from defective or uneven stairs does not apply.  See, e.g., Shell, 20 Va. App. at 202, 455 S.E.2d at 763.  Second, the weight the claimant bore was not particularly heavy.  He carried approximately 30 pounds under one arm and five pounds under the other.  This stands in contrast to Lamb v. F.H. Furr Plumbing, Heating & Air Conditioning, Inc., VWC File No. 212-74-88 (July 20, 2004), where the Commission found that carrying a 70-75 pound bag over one shoulder contributed to the claimant's injury.  As a general proposition, the heavier the weight, the stronger the inference of a causal connection between the work conditions and the injury.

There is no medical testimony or opinion of a causal connection between the conditions of employment and the injury.[1]  The Commission also relied on the medical histories, but these medical histories came from the claimant himself, and he was consistent in his testimony and in his deposition about what occurred.  The operative facts are essentially undisputed.  The Commission rested its decision on an inference that the carrying of the strollers up the stairs established a causal relation between the accident and the conditions of employment.  There is no doubt that the Commission can draw inferences from the facts before it.  On these facts,

_____

[1] Dr. Anthony Avery stated that the claimant suffered an "incident at work where he had another traumatic incident to the knee that caused a patellar dislocation."  The incident to the knee clearly caused the patellar dislocation, but that is not the same thing as stating that the work conditions caused the accident.  In other words, Dr. Avery's statement is merely descriptive.  Dr. Raymond Thal's statement that "Taylor's current condition and surgery was causally related to the incident of December 25, 2013" is similarly descriptive.  Dr. Thal does not indicate that there exists a causal link between the working conditions and the injury.

however, we conclude that the inference of a connection between the conditions of employment and the injury falls into the realm of speculation. As Commissioner Williams noted, there is "nothing in the record to suggest that the dislocation would not have occurred, or would have been less likely to occur, if the claimant had been carrying nothing in his hands at the time of the incident." Consequently, we conclude that the evidence fails to establish that the accident arose out of the claimant's employment.

## CONCLUSION

We reverse the judgment of the Commission.

<u>Reversed.</u>